UNITED STATES of America, Appellee,

v.

Glen Alan WEST, Appellant.

No. 77–1180.

United States Court of Appeals,
Eighth Circuit.

Submitted June 13, 1977.

Decided June 17, 1977.

---

**152**

Ralph M. Cloar, Jr., Little Rock, Ark., filed brief for appellant.

W. H. Dillahunty, U. S. Atty. and Sandra W. Cherry, Asst. U. S. Atty., Little Rock, Ark., filed brief for appellee.

Before HEANEY, STEPHENSON and HENLEY, Circuit Judges.

PER CURIAM.

Glen Alan West was convicted of bank robbery under 18 U.S.C. § 2113(a) and sentenced to ten years imprisonment. We have carefully reviewed the record and briefs and find no merit to any of West's contentions.

■ West's principal contention is that he was denied due process of law because the government failed to provide him with adequate facilities to prepare his defense. At his arraignment, West elected to proceed pro se and an attorney was appointed to assist him. The trial court specifically instructed the attorney that while he was not to actively participate in West's defense, he was to provide assistance if and when West requested it. *See Faretta v. California,* 422 U.S. 806, n. 46, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). About a month before his trial, West requested access to a law library, a telephone and a typewriter. Neither of the local facilities for the incarceration of federal prisoners was equipped with a law library. West was not taken to a law library because he was considered both an escapee and a suicide risk. However, the appointed "standby" attorney visited West on seven separate occasions and made himself available to do any research West desired. West refused the offers and insisted that he should do research himself if he was going to be the one to try the case. The attorney did provide West with copies of two cases from the University of Arkansas Law Library that he had requested. Arrangements were made so that West was able to spend an afternoon in the United States Marshal's office conferring with his "standby" counsel and calling potential witnesses on the government F.T.S. (FTS) telephone line. We are unable to agree that West was denied an adequate opportunity to pre-

pare his defense. The Supreme Court has recently held

> that the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries *or adequate assistance from persons trained in the law.*

*Vernon Lee Bounds, etc., et al. v. Robert (Bobby) Smith, et al.,* 430 U.S. 817, 828, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977) (emphasis added); *Gilmore v. Lynch,* 319 F.Supp. 105 (N.D.Cal.1970), *aff'd sub nom., Younger v. Gilmore,* 404 U.S. 15, 92 S.Ct. 250, 30 L.Ed.2d 142 (1971). This requirement has been satisfied since West did have opportunity to interview witnesses by telephone and an attorney was made available to obtain legal materials for him.

■ We also find no merit to West's contention that the trial court erred in failing to suppress evidence obtained in two warrantless searches of an automobile. West has no standing to contest the searches because he has not asserted that he had any proprietary or possessory interest in the automobile, or that he was in or near the automobile at the time of either of the searches, or that he is charged here with an offense which includes, as an essential element of the charge, possession of the seized evidence at the time of the contested search. *Brown v. United States,* 411 U.S. 223, 229, 93 S.Ct. 1565, 36 L.Ed.2d 208 (1973).[1] West failed to assert an interest in either the automobile or its contents at a pretrial suppression hearing, which he could have done without danger of incriminating himself. *Brown v. United States, supra* at 228, 93 S.Ct. 1565; *Simmons v. United States,* 390 U.S. 377, 393, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968).

■ West next contends that the trial judge erred in failing to admonish the jury to disregard a remark made by a government witness which inferred that West was an inmate at the Los Angeles County Jail.

The remark was inadvertent and of a passing nature. No cautionary instruction was requested. In light of the entire record, we cannot construe the reference to have been anything more than harmless error. *United States v. Gocke,* 507 F.2d 820, 823 (8th Cir. 1974), *cert. denied,* 420 U.S. 979, 95 S.Ct. 1407, 43 L.Ed.2d 660 (1975); *United States v. Carter,* 448 F.2d 1245, 1246 (8th Cir. 1971), *cert. denied,* 405 U.S. 929, 92 S.Ct. 981, 30 L.Ed.2d 802 (1972); *United States v. Christian,* 427 F.2d 1299, 1303–1304 (8th Cir. 1970), *cert. denied,* 400 U.S. 909, 91 S.Ct. 153, 27 L.Ed.2d 148 (1972).

■ Finally, West contends that the trial court should have granted a new trial because the Assistant U. S. Attorney in his closing argument referred to money wrappers found in the automobile to be money wrappers of the bank where the robbery occurred. The evidence at trial only established that the money wrappers were like those used by the bank. Again, this was a harmless error which was corrected when they were described as being like money wrappers from the bank after an objection by West.

Affirmed.

---

1. West was charged with transporting the automobile in interstate commerce in violation of the Dyer Act, 18 U.S.C. § 2312. *United*

*States v. Glen Alan West,* No. LR–76–CR–62. The trial court denied the government's motion to consolidate the cases.