Terry BLANKENSHIP, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–82–00082–CR.

Court of Appeals of Texas,
El Paso.

June 29, 1983.

Discretionary Review Granted
Nov. 30, 1983.

Dolph Quijano, Jr., Robin Norris, El Paso, for appellant.

Steve Simmons, Dist. Atty., El Paso, for appellee.

Before WARD, OSBORN and SCHULTE, JJ.

## OPINION

OSBORN, Justice.

Terry Blankenship was convicted by a jury of aggravated robbery and his punishment assessed at thirty-five years confinement. He complains on appeal of the trial court's denial of his constitutional right to represent himself in the trial court and also of the court's instruction on the law of parties. We affirm.

Three people traveling West on Interstate 10 picked up a hitchhiker near San Antonio, and between Van Horn and El Paso they attacked him and robbed him of his money. He managed to escape and contacted the police. The car with the three people was stopped near Fort Hancock, the occupants were arrested and Appellant was identified at the trial as the person who attacked the hitchhiker and took his money.

The contention is made in the first ground of error that the trial court erred in denying Appellant's timely request to represent himself at trial. Prior to selection of a jury, the Appellant advised the court, "I would like to pro se my own case." The court recognized his constitutional right "providing that you have the ability," and Blankenship responded, "I do have the ability." Upon questioning by the court, Blankenship responded that he had attended Columbia University in South Carolina for six years but did not graduate. He said he had taken no law courses but he had studied about United States constitutional law. The trial judge warned the Appellant that he could not help him during the trial and that the Appellant would be on his own. Blankenship responded that he was not expecting any help at all from the court.

Then, the following exchange occurred:

THE COURT: Do you know what the purpose of voir dire is?

DEFENDANT BLANKENSHIP: I would have to see the books.

* * * * * *

THE COURT: Okay. Do you understand that it is up to you to subpoena any witnesses that you have. Do you know how to do that?

DEFENDANT BLANKENSHIP: Yes, but I also have to be provided with the books.

THE COURT: You are making a request for law books?

DEFENDANT BLANKENSHIP: That is part of my Constitutional rights.

THE COURT: What books do you want, sir?

DEFENDANT BLANKENSHIP: Constitutional law. I want books parallel to my own case, parallel to that, like the State versus So and So, or So and So versus the State of Texas, or whatever.

The court then inquired about the Appellant's knowledge of the rules of evidence, a definition of the offense charged, peremptory challenges, hearsay objections, the burden of proof and the elements of the offense. Then the following occurred:

THE COURT: All right, Mr. Blankenship—

DEFENDANT BLANKENSHIP: Yes, sir.

THE COURT: I don't think you are qualified to represent yourself in Court.

DEFENDANT BLANKENSHIP: Like I said before, Your Honor, and as you said yourself, it is my Constitutional right and therefore, I am going to take that Constitutional right.

THE COURT: I overrule you this time. You will be represented by Mr. Quijano in this case. That is all.

The Sixth Amendment to the United States Constitution gives a defendant in a criminal case the right to self-representation—the right to make one's own defense personally. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *Martin v. State*, 630 S.W.2d 952 (Tex.Cr.App.1982). But, to exercise such right the appellant must voluntarily make a knowing and intelligent waiver and he must be aware of the dangers and disadvantages of self-representation. *Geeslin v. State*, 600 S.W.2d 309 (Tex.Cr.App.1980). The trial court is not obligated to assess a defendant's technical legal knowledge (as was done in our case) and such knowledge is not relevant to an assessment of his knowing exercise of the right to defend himself. "Rather, the defendant must show sufficient intelligence to demonstrate a capacity to waive his right to counsel and the ability to appreciate the practical disadvantage he will confront in representing himself." *Geeslin v. State*, supra.

At the same time, a request for change of counsel, whether it be for another attorney, or to act for one's self, cannot be made so as to obstruct the orderly procedure in the courts or to interfere with the fair administration of justice. *Webb v. State*, 533 S.W.2d 780 (Tex.Cr.App.1976); *Thompson v. State*, 447 S.W.2d 920 (Tex.Cr.App.1969); *Estrada v. State*, 406 S.W.2d 448 (Tex.Cr.App.1966). Thus, the accused may not wait until the day of trial to demand different counsel or to request that counsel be dismissed so that he may retain other counsel where this results in a delay of the proceedings. *Robles v. State*, 577 S.W.2d 699 (Tex.Cr.App.1979); *Webb v. State*, supra.

In our case, the Appellant wanted to represent himself. His age—thirty-one years, his education—high school graduate and six years of college, and his experience—some work record since leaving college, were such that he was competent to "voluntarily, knowingly and intelligently waive his right to counsel in order to assert his right to represent himself." *Webb v. State*, supra. But, because of that age, education and experience he also knew that he was not competent to represent himself without some research and study. Blankenship knew that at that time he could not represent himself. See: *Thomas v. State*, 550 S.W.2d 64 (Tex.Cr.App.1977). Therefore, he made his request to represent himself conditional. He could and would represent himself only after the court provided the necessary books and he completed the necessary study. While this was happening, the court, the jury panel and the witnesses would be left waiting at least for days, probably for weeks and possibly for months. We can only conclude that this would result in an obstruction of orderly court proceedings.

Appellant's counsel argues that a criminal defendant who elects to waive appointed counsel and represent himself is not entitled to legal books and research materials for the purpose of preparing his defense. See: *Bright v. State*, 585 S.W.2d 739 (Tex.Cr.App.1979); *United States v. Wilson*, 666 F.2d 1241 (9th Cir.1982); *Spates v. Manson*, 644 F.2d 80 (2nd Cir.1981); *United States v. Chatman*, 584 F.2d 1358 (4th Cir.1978); *United States v. West*, 557 F.2d 151 (8th Cir.1977). Thus, the argument is made that the court should have denied the request for books and proceeded with the trial, allowing Blankenship the right to represent himself. The problem with that argument is that the Appellant never waived his right to counsel absent the furnishing of the desired books. His waiver was conditioned upon the right to have the books and the time to prepare his defense. A waiver of the right to counsel will not be lightly inferred and the courts will indulge every reasonable presumption against the validity of such a waiver. *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); *Geeslin v. State*, supra.

Appellant also relies upon the holding in *Lyles v. Estelle*, 658 F.2d 1015 (5th Cir.1981). In that case the defendant agreed to represent himself without any qualification after he had refused to accept the court-appointed attorney and the court refused to appoint someone else. Those facts and that decision are not controlling in this case where the Appellant on more than one occasion told the trial court he had

to have the "books" in order to represent himself. We conclude the trial court properly ordered that the case proceed with the appointed attorney in charge of conducting the defense in the case. Ground of Error No. One is overruled.

The last ground of error states the trial court erred in instructing the jury on the law of criminal responsibility for the conduct of another when the evidence was insufficient to support such an instruction. The argument made recognizes that the evidence was legally sufficient to sustain Appellant's conviction as a primary actor, but it is asserted that there was insufficient evidence to raise the issue and authorize the instruction on parties.

The complainant testified that the driver of the car said to hit him, the victim of this robbery, just before the assault started. He also said the female passenger held a knife to his throat and that she went through his wallet to obtain his money. Later, the victim was struck with a pick handle by the driver of the car after the vehicle had stopped and the victim got out of the car. We conclude that this evidence was sufficient to authorize the instruction on parties. Ground of Error No. Two is overruled.

The judgment of the trial court is affirmed.