UNITED STATES of America, Appellee,

v.

Michael Duane KNOX, Appellant.

No. 90–5534.

United States Court of Appeals,
Eighth Circuit.

Submitted May 17, 1991.
Decided Nov. 22, 1991.

Mark D. Nyvold, Minneapolis, Minn., argued, for appellant.

Andrew S. Dunne, Minneapolis, Minn., argued (Joe Dalager, on brief), for appellee.

Before JOHN R. GIBSON, Circuit Judge, ROSS, Senior Circuit Judge, and LOKEN, Circuit Judge.

LOKEN, Circuit Judge.

Michael Duane Knox appeals his conviction on drug and weapons charges. He argues that he did not violate 18 U.S.C. § 924(c)(1) because he did not use his gun during a drug trafficking crime, and that the district court[1] erred in admitting illegally seized evidence, denying him adequate access to a law library, declining to sever two separate drug charges, and allowing the prosecution to make an improper closing argument. We affirm.

## I.

On a cold night in February 1989, police officers patrolling a south Minneapolis alley came upon an empty car with its engine running. They followed footprints in the snow to a nearby apartment building, where they found a security door propped open. Before they could enter the building, Knox and a young woman came out.

Responding to the officers' inquiries, Knox stated that the car was his and that he had a license. During this brief questioning, Knox acted "very, very nervous" and was asked twice to remove his hands from his jacket pockets before he reluctantly did so. One of the officers then conducted a pat search, felt something resembling a knife in a jacket pocket, and reached inside where he found a loaded magazine for a .38-caliber pistol and a plastic bag containing what was later determined to be 7.5 grams of crack (cocaine base) and 8.9 grams of powdered cocaine. Knox was arrested. The officers asked him where the gun was, and he told them it was under the front seat of his car, where they retrieved it.

Less than seven months earlier, Knox had sold a small amount of crack cocaine to an undercover police officer. He was not arrested at that time, but after this arrest, he was indicted on three counts. The first, relating to the earlier incident, charged him with distributing less than a gram of cocaine base in violation of 21 U.S.C. § 841. The second and third, relating to the night of his arrest, charged him with possessing with intent to distribute more than five grams of cocaine base in violation of 21 U.S.C. § 841, and with using a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c). He was not charged for possession of the powdered cocaine.

Prior to trial, Knox moved to suppress the items seized the night of his arrest. Following an evidentiary hearing, the motion was denied. At this point, Knox accused his family-retained attorney of lying and fired him. After a public defender was appointed to represent him, Knox accused her of collaborating with the prosecution and demanded her removal. The district court granted Knox's request that he represent himself but also appointed a third attorney, who served as standby counsel prior to and at trial and as counsel on this appeal.

1. The HONORABLE DONALD D. ALSOP, Chief United States District Court Judge for the District of Minnesota.

As trial approached, Knox complained that he did not have adequate access to a prison law library. Standby counsel sent him legal materials, which he threw away, and at one point the district court offered him use of the courthouse library, which he rejected. At the four-day trial Knox represented himself pro se, although he had access to and frequently used the services of standby counsel.

An issue at the trial was whether Knox intended to distribute the crack cocaine seized when he was arrested, the offense charged in Count Two, or whether he should be convicted of simple possession, a lesser included offense. Because a conviction under § 924(c) must be based upon a predicate drug trafficking crime, Knox requested an instruction that the jury must acquit him on Count Three if it only convicted him of the lesser included possession offense under Count Two. The district court refused that request but did instruct that the jury could not convict Knox on Count Three unless they also convicted him on Count Two. This issue rose to great significance when the jury found him guilty on all three counts, but only of the lesser included possession offense on Count Two. He was sentenced to 120 months in prison and three years of supervised release. This appeal followed.

## II.

*The § 924(c) conviction.* Section 924(c)(1) substantially enhances the sentence of anyone who uses or carries a firearm "during and in relation to any ... drug trafficking crime." Knox contends that his § 924(c) conviction lacked a valid predicate crime because his Count Two conviction was for simple possession of cocaine base, not "drug trafficking." He also argues that he did not use the gun during his drug offense.

■ A § 924(c) conviction requires a predicate drug trafficking offense. Count Two charged Knox with possession of cocaine base with intent to distribute, which we held to be a drug trafficking crime in *United States v. Matra,* 841 F.2d 837 (8th Cir.1988). However, the jury only convict-

ed Knox of the lesser included offense of simple possession. He argues that mere possession simply cannot be characterized as drug "trafficking."

Knox's argument is foreclosed by an amendment to § 924 in the Anti–Drug Abuse Act of 1988, Pub.L. No. 100–690, § 6212, 102 Stat. 4181, 4360. Prior to that amendment, § 924(c)(2) had defined a "drug trafficking crime" as any Federal felony "involving the distribution, manufacture, or importation of any controlled substance." The 1988 amendment broadened the definition, so that "drug trafficking crime" now includes "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.)." Knox was convicted of possession of more than five grams of cocaine base. That is a felony punishable under the Controlled Substances Act. *See* 21 U.S.C. § 844(a). Therefore, the plain language of these statutes requires us to hold that Knox's § 924(c) conviction was properly predicated on a "drug trafficking crime." *See Rubin v. United States,* 449 U.S. 424, 430, 101 S.Ct. 698, 701, 66 L.Ed.2d 633 (1981).

■ Knox also challenges his § 924(c) conviction on the ground that there was insufficient evidence that he used the gun "during and in relation to" his drug crime. In considering this claim, we review the evidence in the light most favorable to the verdict to determine whether there is substantial evidence to support the jury's verdict. *See Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942); *United States v. LaGuardia,* 774 F.2d 317, 319 (8th Cir.1985).

In construing the statutory phrase "during and in relation to" a drug crime, we have held that a § 924(c) violation does not require that the defendant have "brandished or discharged the weapon," *United States v. Lyman,* 892 F.2d 751, 753 (8th Cir.1989); or that he was carrying the gun at the time of a specific transaction, *United States v. Matra,* 841 F.2d 837, 843 (8th Cir.1988); or even that the gun was capable of firing, *United States v. York,* 830 F.2d 885, 891 (8th Cir.1987). The jury must

simply find "a sufficient nexus between the gun and the drug trafficking offense." *Lyman,* 892 F.2d at 752.

Here, police found the gun under the driver's seat of Knox's car, which he had left running while inside the apartment building. He had a loaded clip for the gun in the same pocket as a bag of cocaine. When stopped, Knox was only a few seconds from being back in his car, within reach of the gun. Knox argues that the gun was not "strategically located so as to be quickly and easily available." But the jury found otherwise, and we conclude that there is substantial evidence to support the jury's verdict. *See United States v. Curry,* 911 F.2d 72, 80 (8th Cir.1990).

■ *Suppression of evidence.* Knox claims that the district court erred in denying his motion to suppress the gun and the drugs seized when he was arrested because the police unlawfully stopped him, unlawfully patted him down, and obtained his admission that the gun was in his car without giving him *Miranda* warnings.

A police officer may lawfully stop an individual to investigate possible criminal behavior, without probable cause, if the officer "observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot." *Terry v. Ohio,* 392 U.S. 1, 30, 88 S.Ct. 1868, 1884, 20 L.Ed.2d 889 (1968). If, after the stop, the officer has reason to believe that his safety or that of others is in danger, he may make a limited search for weapons. *Id.* at 27, 88 S.Ct. at 1883. In reviewing the officer's justification for a *Terry* stop and subsequent pat down search, "we view the information available to the detaining officers as a whole, not as discrete and disconnected occurrences." *United States v. Abokhai,* 829 F.2d 666, 669 (8th Cir.1987).

Here, the initial stop was minimally intrusive and was justified by the time of night, the car running in the alley of a high crime neighborhood, and the propped open security door. Given these circumstances, Knox's subsequent behavior justified the pat down, particularly his great reluctance to take his hands out of his jacket pockets. Knox points to testimony at the suppression hearing tending to show that the officer's search was "custodial," rather than protective, but the district court found the officer credible, and its finding is not clearly erroneous. Thus, the pat down was lawful: "an officer making a reasonable investigative stop should not be denied the opportunity to protect himself from hostile attack." *Abokhai,* 829 F.2d at 670.

■ Knox argues that the gun must in any event be suppressed because he told the police where to find it after he was arrested but before he received *Miranda* warnings. However, the police questioning was lawful under the public safety exception to *Miranda* articulated in *New York v. Quarles,* 467 U.S. 649, 104 S.Ct. 2626, 81 L.Ed.2d 550 (1984).

In *Quarles,* a man accused of armed rape fled into a supermarket where he was arrested moments later wearing an empty holster. Before *Miranda* warnings, the police asked where the gun was, and he told them. The Supreme Court held that the gun was admissible:

> So long as the gun was concealed somewhere in the supermarket, with its actual whereabouts unknown, it obviously posed more than one danger to the public safety: an accomplice might make use of it, a customer or employee might later come upon it.

467 U.S. at 657, 104 S.Ct. at 2632. The same public safety concerns were present here. Knox was carrying cocaine and a loaded magazine but no gun. The police were justified in making an immediate attempt to locate the gun to eliminate this danger to themselves and to others in the area. *See United States v. Antwine,* 873 F.2d 1144, 1147 (8th Cir.1989).

■ *Inadequate library time.* Knox claims a due process violation because the district court denied him access to a law library. This claim is without merit. Pro se defendants have a right of access to "'adequate law libraries or adequate assistance from persons trained in the law.'" *United States v. West,* 557 F.2d 151, 153 (8th Cir.1977), quoting *Bounds v.*

*Smith,* 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977) (emphasis supplied in *West*). Here, as in *West,* Knox refused his standby attorney's offer of assistance, saying he wanted to do the legal research himself. Unlike the defendant in *West,* after Knox threw away legal materials supplied by standby counsel, he was offered the opportunity to use the district court's law library. He refused, without ever telling the district court what he wanted to research and how much time it would take. As *West* makes clear, the district court was not required to accede to Knox's unsupported, open-ended, unreasonable requests.

■ *Improper joinder.* Knox argues that the district court erred in denying his motion to sever the two drug charges. When two offenses have been properly joined in a single indictment, as in this case, we will not reverse the denial of a defendant's motion to sever "absent prejudice establishing an abuse of discretion." *United States v. Rodgers,* 732 F.2d 625, 630 (8th Cir.1984).

Knox claims he was prejudiced because the prosecution used the first drug dealing episode to show he intended to distribute the cocaine he was carrying eight months later. Prejudice in this context means "some appreciable chance that defendants would not have been convicted had the separate trial they wanted been granted." *United States v. Bostic,* 713 F.2d 401, 403 (8th Cir.1983), followed in *United States v. DeLuna,* 763 F.2d 897, 919 (8th Cir.1985). Here, the jury acquitted Knox of possession with intent to distribute under Count Two, so he clearly did not suffer the prejudice he alleges. Thus, the district court's refusal to sever must be upheld.

■ *Prosecution's closing argument.* Knox argues that he deserves a new trial because the prosecutor made three statements at the start of lengthy closing arguments that constituted improper comment on the presumption of innocence, Knox's failure to testify, and the burden of proof. The statements concerned the extent to which evidence was in dispute:

MR. VOSEPKA (the prosecutor): So if we ignore the statements that may not be evidence, that were made by either side, and get down to what the evidence is, I submit to you the evidence is clear and undisputed, undisputed as to every essential element of Count I, II and III.

(Defendant confers with standby counsel)

DEFENDANT KNOX: Excuse me, Your Honor, I must object to that improper argument.

THE COURT: Objection sustained. Objection sustained, you may refer to the evidence but not the undisputed part.

\* \* \* \* \* \*

MR. VOSEPKA: Ladies and gentlemen, those are the key points of evidence in this case. What evidence is there in dispute? What evidence is there for which there is a contradiction? Whether there was snow flakes falling—

(Defendant confers with standby counsel)

DEFENDANT KNOX: Excuse me, I must object, that is an improper comment.

THE COURT: That objection is overruled.

\* \* \* \* \* \*

MR. VOSEPKA: .... Actually there was some evidence in the exhibits that the defendant and government gave you about a wind factor. What difference does it make? I submit to you that is the only evidence in dispute in this case.

(Defendant confers with standby counsel)

DEFENDANT KNOX: Your Honor, I have to object to that.

THE COURT: Objection overruled, go ahead.

After sustaining Knox's objection to the first comment, and overruling his objections to the next two, the district court then properly instructed the jury as to the government's burden of proof, the presumption of innocence, and that Knox's failure to testify should not be considered.

The comments in question were the kind of ambiguous references to the evidence

that only constitute error if they "either (1) manifest the prosecutor's intention to call attention to the defendant's failure to testify, or (2) are such that the jury would naturally and necessarily take them as a comment on the defendant's failure to testify." *United States v. Durant*, 730 F.2d 1180, 1184 (8th Cir.1984). We have carefully reviewed the closing arguments in their entirety and conclude that the prosecutor did not intentionally comment improperly, that the district court's evidentiary rulings and instructions were correct, and that even if there was error it was harmless beyond a reasonable doubt. Thus, there is no basis for a new trial. *See United States v. Wagner*, 884 F.2d 1090, 1099 & n. 5 (8th Cir.1989).

### III.

 On the eve of oral argument, Knox filed a flurry of motions to remove his appellate attorney and to permit him to brief and argue his own appeal. We denied these motions at oral argument, and therefore his post-argument petition for a writ of mandamus is hereby denied as moot. In addition, we have carefully considered the additional grounds for appeal asserted by Knox in his pro se motion papers.[2] We conclude that none provides a basis for overturning his conviction. Furthermore, we agree with appellate counsel's selection of the issues to press on appeal, which were briefed and argued with skill and vigor. Accordingly, we hold that Knox was not denied the effective assistance of counsel on appeal.

For the foregoing reasons, the conviction is affirmed.

---

2. Specifically, we have considered the 18 issues described by Knox in paragraph 57 of his May 8, 1991 Declaration in Support of Motion for

Removal of Counsel, and all issues discussed in his Brief in Support of Motion for Removal of Counsel of the same date.