60 F.3d 830
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Charles A. DUVALL, Defendant-Appellant.
 No. 95-1112.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 17, 1995.
Filed: July 14, 1995.
 
 Before BOWMAN, MAGILL, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 After pleading guilty to a charge of possessing marijuana with intent to distribute in violation of 21 U.S.C. Sec. 841, Charles Duvall was convicted by a jury of using or carrying a firearm during a drug trafficking offense in violation of 18 U.S.C. Sec. 924(c)(1) and was sentenced to eighty-seven months in prison. He appeals his conviction on the firearm count and the determination of his sentence on the drug count. We affirm.
 
 
 2
 Duvall first argues that the district court[1] erred in denying his motion to suppress the firearm. Agents arrested Duvall after he completed a sale of marijuana to a confidential informant. Duvall's car was then driven to the Zone Office of the Missouri Highway Patrol where Agent David Sansegraw of the Narcotics Task Force made an inventory search of the vehicle, as directed by Highway Patrol Trooper Kenneth Wakefield. Agent Sansegraw found the firearm under the driver's arm rest. Both Sansegraw and Wakefield testified at the hearing on Duvall's motion to suppress. Following that hearing, United States Magistrate Judge Lewis M. Blanton found that Duvall's vehicle was properly seized at the time of his arrest, that the evidence included the Missouri Highway Patrol's standardized procedures for vehicle inventory searches, and that Agent Sansegraw conducted an inventory search for appropriate reasons. Based upon those findings, Magistrate Judge Blanton recommended that the motion to suppress be denied, and the district court adopted that Report and Recommendation. On appeal, Duvall argues that Agent Sansegraw's search did not conform to the Patrol's standard procedures and was therefore a pretext for a warrantless search of the car. However, as the Magistrate Judge's findings were to the contrary, Duvall cannot prevail on this issue without demonstrating that those findings were clearly erroneous, which he has failed to do.
 
 
 3
 Duvall next contends that the prosecution failed to disclose the results of state laboratory testing on the firearm. Prior to trial, Duvall and the government stipulated that the firearm "was examined and test-fired by Special Agent David J. Diveley of the [federal] Bureau of Alcohol, Tobacco and Firearms, and determined to be a firearm which functioned as it was designed." Apparently, after commencing this appeal Duvall's counsel discovered that state authorities had also tested the firearm; any results of that testing were not disclosed to the defense. However, Duvall did not raise this issue in the district court, and it is undisputed that he had access to the prosecutor's open file prior to trial. Thus, the record on appeal affords Duvall no basis for relief on this issue.
 
 
 4
 Duvall next argues that the evidence was insufficient to convict him of knowingly using or carrying the firearm "during and in relation to any ... drug trafficking crime." 18 U.S.C. Sec. 924(c)(1). This contention is without merit. When a readily accessible firearm is found in the defendant's vehicle at the scene of an illegal drug transaction, there is sufficient evidence for the jury to find that the firearm was knowingly used or carried in relation to that drug trafficking crime. See United States v. Hughes, 15 F.3d 798, 803 (8th Cir. 1994); United States v. Knox, 950 F.2d 516, 518-19 (8th Cir. 1991).
 
 
 5
 Finally, Duvall argues that the district court erred in determining his sentence by (i) including additional quantities of marijuana that Duvall told his confidential-informant customer he had sold the previous week (in a taped conversation in which Duvall assured his customer that he could obtain more drugs for future transactions); (ii) assessing a two-level enhancement for being a leader or manager because Duvall directed his wife to deliver marijuana to the confidential informant; and (iii) denying Duvall an acceptance-of-responsibility reduction. Duvall concedes that his claim for acceptance of responsibility hinges on our reversing his firearm conviction, and we conclude that the district court's drug quantity and leadership findings are not clearly erroneous. Thus, there was no sentencing error.
 
 
 6
 The judgment of the district court is affirmed.
 
 
 
 [1]
 The HONORABLE STEPHEN N. LIMBAUGH, United States District Judge for the Eastern District of Missouri