# United States Court of Appeals
### For the Eighth Circuit

_____

No. 13-3509

_____

United States of America

*Plaintiff - Appellee*

v.

Gilberto Lara-Ruiz, also known as Hill

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: January 16, 2015
Filed: February 24, 2015

_____

Before COLLOTON, BEAM, and KELLY, Circuit Judges.

_____

KELLY, Circuit Judge.

Gilberto Lara-Ruiz, for the third time, appeals his sentence for using a firearm during and in relation to a drug-trafficking crime, 18 U.S.C. § 924(c)(1)(A)(i). We conclude that the district court[1] properly resentenced Lara-Ruiz using the five-year

_____

[1]The Honorable David Gregory Kays, Chief Judge, United States District Court for the Western District of Missouri.

statutory minimum and discussed the sentencing factors it found most relevant. Lara-Ruiz's sentence, although high, is not unconstitutional or unreasonable. We thus affirm the judgment.[2]

## I. Background

Before this series of appeals, Lara-Ruiz pleaded guilty in 2007 to improper entry into the United States, 8 U.S.C. § 1325(a), and possession with intent to distribute methamphetamine, 21 U.S.C. § 841(a)(1). As part of the plea, the government agreed not to prosecute Lara-Ruiz for any other offenses related to methamphetamine possession with intent to distribute except for prosecutions involving, among other things, violence against others. Nonetheless, in 2009 Lara-Ruiz was charged in a multi-defendant, 15-count indictment with numerous other drug crimes, as well as possession of a firearm in furtherance of a drug-trafficking crime and use of a firearm related to a drug-trafficking crime. Evidence at the jury trial showed that Lara-Ruiz had displayed guns to his drug customers and used a handgun to hit another customer in her head and to shoot her unoccupied car. See United States v. Lara-Ruiz ("Lara-Ruiz I"), 681 F.3d 914, 918 (8th Cir. 2012). Lara-Ruiz's attorney conceded that her client had sold methamphetamine but argued that he had not unlawfully possessed the gun. Id.

Based on the non-prosecution provision in the 2007 plea agreement, the district court granted Lara-Ruiz's motion to dismiss the drug charges. The jury found Lara-Ruiz guilty of both gun charges but, on the possession count, found only that he had received guns in exchange for drugs and drug-debt reduction. Regarding the charge for use of a firearm, however, the jury found Lara-Ruiz guilty "of the crime of use of a firearm during and in relation to a drug trafficking crime."

---

[2]We have jurisdiction over this appeal under 28 U.S.C. § 1291.

In Lara-Ruiz's first appeal, we vacated the conviction for possession of a firearm because, we concluded, the 2007 plea agreement barred the government from prosecuting Lara-Ruiz for trading the guns for drugs and drug-debt reduction. Lara-Ruiz I, 681 F.3d at 920–21. The conviction for use of a firearm, however, involved an act of physical violence against another—the strike to the head and shots fired at the car—and so it was not barred by the plea agreement. Id. at 921. We thus affirmed that conviction and remanded for resentencing.

On remand, the district court determined that the seven-year statutory minimum for brandishing a firearm applied, see 18 U.S.C. § 924(c)(1)(A)(ii), and sentenced Lara-Ruiz to 300 months' imprisonment. The court added that it would have given the same sentence even if it had determined that the five-year minimum under § 924(c)(1)(A)(i) applied instead of the seven-year minimum.

We again remanded for resentencing because by the time of the second appeal, the Supreme Court had decided in Alleyne v. United States, 133 S. Ct. 2151, 2155 (2013), that any fact that increases the mandatory statutory minimum penalty is an "element" that must be submitted to the jury and proven beyond a reasonable doubt. The district court had concluded, though the jury had not found, that Lara-Ruiz had "brandished" a firearm and, as a result, imposed the seven-year mandatory minimum. We determined that, based on Alleyne, the district court had committed plain error. United States v. Lara-Ruiz ("Lara-Ruiz II"), 721 F.3d 554, 558–59 (8th Cir. 2013).

Once again on remand, the district court, true to its word, resentenced Lara-Ruiz to 300 months' imprisonment. The court first noted that the statutory minimum is "not less than five years" and that the maximum sentence was life imprisonment. The government argued that nothing had changed and requested the same sentence that had been imposed in the previous remand. Lara-Ruiz's attorney argued that imposing the same 300-month sentence was incompatible with the average sentence nationwide for violations of § 924(c), which as of October 2011 was

182 months. The court incorporated its concerns from the earlier sentencings, noting that Lara-Ruiz was in a "dangerous business" and had acted in a very "frightening" manner. The court also discussed other factors from 18 U.S.C. § 3553(a), including Lara-Ruiz's history and characteristics, the need to deter others from similar criminal activity, and the need to protect the public. In imposing the sentence, the court reiterated its earlier statement that "whether or not this is a five-year mandatory minimum or seven-year mandatory minimum, my sentence would still be the same." But, the court clarified, this time Lara-Ruiz faced "a five-year mandatory minimum, not a seven."[3]

## II. Discussion

When reviewing a sentence for procedural error, we review factual findings for clear error and sentencing guidelines de novo; but if the defendant does not timely object to a procedural sentencing error, our review is for plain error only. United States v. Timberlake, 679 F.3d 1008, 1011 (8th Cir. 2012). This court reviews the substantive reasonableness of a sentence for abuse of discretion. Id. at 1012.

On appeal Lara-Ruiz makes three arguments why his sentence cannot stand. First, he insists that he was unconstitutionally resentenced for brandishing a firearm, not using a firearm, even though this court vacated his previous sentence for brandishing a firearm because that sentence violated the rule from Alleyne. Second, he argues that the necessary predicate drug-trafficking crime was "not identified and

---

[3]After Lara-Ruiz's most recent sentence was imposed, the government moved under Fed. R. Crim. P. 36 to correct the judgment because it incorrectly stated that Lara-Ruiz was sentenced under 18 U.S.C. § 924(c)(1)(A)(ii) for *brandishing* a firearm, though he actually was sentenced under § 924(c)(1)(A)(i) for *using* a firearm. On June 11, 2014, the district court granted that motion to reflect the oral pronouncement of sentence. The judgment was amended on July 8, 2014.

cannot be determined from the record." Last, Lara-Ruiz maintains that his sentence is substantively unreasonable. We consider each argument separately.

## A. Constitutionality

According to Lara-Ruiz, the district court imposed the same sentence that it imposed after the first remand: 25 years' imprisonment for brandishing a firearm. But Lara-Ruiz is wrong about his sentence. At his resentencing, the court noted that the mandatory minimum for Lara-Ruiz was five years, not seven years. The statutory minimum for using a firearm is five years, 18 U.S.C. § 924(c)(1)(A)(i), whereas the statutory minimum for brandishing a firearm is seven years, id. § 924(c)(1)(A)(ii). Though the judgment cited the incorrect statute (§ 924(c)(1)(A)(ii)), the district court clarified the sentence in its order granting the government's motion to correct a clerical mistake under Fed. R. Crim. P. 36. In that order, the court noted the different mandatory minimum sentences under each statute and concluded that "it is apparent that the Court sentenced him pursuant to 18 U.S.C. § 924(c)(1)(A)(i), not 18 U.S.C. § 924(c)(1)(A)(ii)." The court, thus, did not again sentence Lara-Ruiz for brandishing a firearm. And the new, correct sentence for using a firearm presents no Alleyne issue because the jury specifically found that Lara-Ruiz had used a firearm in relation to a drug-trafficking offense.

Lara-Ruiz also takes issue with the district court's words at sentencing, when it announced "we're here on Count 15 today, *possession* of a firearm in furtherance of a drug trafficking crime." (Emphasis added.) Though the court cited the correct count—Count 15, which charged unlawful use of a firearm—the court named the wrong charge—illegal possession of a firearm, the conviction that this court vacated in Lara-Ruiz I. But again, because the district court recognized the proper statutory minimum sentence and the amended judgment reflects the proper statute for using a firearm, we do not believe this misstatement constitutes plain error.

## B.    Predicate Drug-trafficking Crime

Lara-Ruiz next asserts that the government did not prove he had committed a prior drug-trafficking crime or link that prior crime to his use of the gun as it must to sustain the conviction under § 924(c).  As the government points out, however, Lara-Ruiz could have raised this argument in his first appeal, and because he did not, it is waived in this third appeal.  See United States v. Castellanos, 608 F.3d 1010, 1019 (8th Cir. 2010).  Alternatively, our previous ruling upholding Lara-Ruiz's conviction for use of a firearm in relation to a drug-trafficking crime is "law of the case" and cannot be challenged now in this appeal.  See United States v. Bloate, 655 F.3d 750, 755 (8th Cir. 2011).

But procedural hurdles aside, this argument lacks merit.  Lara-Ruiz's trial attorney informed the jury in her opening statement that Lara-Ruiz "pled guilty to distribution of methamphetamine because he was guilty of that offense" and later remarked that Lara-Ruiz is "a meth dealer.  There is no question about that."  During the trial, Lara-Ruiz did not dispute that he had engaged in methamphetamine possession and distribution.  See Lara-Ruiz I, 681 F.3d at 924.  The jury, having heard that opening statement and the testimony at trial, found the necessary predicate offense and found Lara-Ruiz guilty of using a firearm "during and in relation to a drug trafficking crime."  In Lara-Ruiz's first appeal, we upheld that conviction.  Id. at 921.  We also noted that any objection Lara-Ruiz had to his attorney's statements belonged in a motion under 28 U.S.C. § 2255.  Id. at 924.

Lara-Ruiz makes much of the verdict's wording that he used the firearm during *a* drug-trafficking crime and suggests the jury should have named *the specific* crime during which he used the firearm.  But the jury did not need to find that Lara-Ruiz had used a gun "at the time of a specific transaction" to support the conviction under § 924(c).  See United States v. Knox, 950 F.2d 516, 518 (8th Cir. 1991).  The jury needed to find only "a sufficient nexus between the gun and the drug trafficking

offense." Id. at 518–19 (quotation omitted). As we noted in Lara-Ruiz's previous appeals, there was plenty of evidence, including the statement by Lara-Ruiz's attorney, that Lara-Ruiz had committed previous drug crimes.

### C.    Substantive Reasonableness

This court did not remand in Lara-Ruiz II based on a conclusion that the sentence was unreasonable; rather, we remanded because the Supreme Court's holding in Alleyne rendered the sentence unconstitutional. The error was in the increase of the statutory minimum from five years to seven years based on the district court's finding by a preponderance of the evidence that Lara-Ruiz had brandished a gun. See Lara-Ruiz II, 721 F.3d at 559 ("[G]iven the holding in Alleyne . . . we find plain error and remand this case for resentencing.").

The district court during resentencing properly calculated the advisory Guidelines range and identified the statutory range: a minimum of five years' imprisonment and a maximum of life imprisonment. Lara-Ruiz's attorney did not object to those calculations. The court then reviewed what it considered to be the relevant factors under 18 U.S.C. § 3553(a): the "frightening" nature and circumstances of the crime and the history and characteristics of Lara-Ruiz in "a very dangerous business" (§ 3553(a)(1)); the need "to send a message and deter other people from committing crimes like this" (§ 3553(a)(2)(B)); and the need for "protection of the public" (§ 3553(a)(2)(C)). Those are the same factors the court found relevant at Lara-Ruiz's previous sentencing. The court did not discuss every factor available, but it need not do so. See United States v. Gasaway, 684 F.3d 804, 807–08 (8th Cir. 2012).

Lara-Ruiz discusses an October 2011 report from the United States Sentencing Commission regarding "the average sentence for offenders situated as Lara-Ruiz who were convicted of an offense under section 924(c) and subject to the mandatory

minimum penalty." Lara-Ruiz argues that, because the average sentence as of October 2011 was 182 months' imprisonment, his 300-month sentence is greater than necessary and does not "avoid unwarranted sentence disparities among defendants with similar records." See 18 U.S.C. § 3553(a)(6). But the number he cites is an *average*, meaning some defendants receive sentences lower than 182 months, and other defendants, like Lara-Ruiz, receive higher sentences. The district court in this case explained its reasons, in three separate sentencing hearings, for imposing a high sentence. We acknowledge Lara-Ruiz's understandable disappointment from receiving the same sentence after two separate remands. But we also must adhere to the discretion given district courts to craft an appropriate sentence. See Gall v. United States, 552 U.S. 38, 59–60 (2007). We see no abuse of that discretion here.

## III. Conclusion

For the reasons discussed above, we uphold Lara-Ruiz's sentence and affirm the judgment of the district court, as amended.

_____