**AMERICAN INMATE PARALEGAL ASSOC.; Melvin Leroy Tyler; Johnny Nylon; Gary Johnson; Kent Scott; Adolph Neal, Appellants,**

v.

**Donald V. CLINE; Chuck Rosenkoetter; Mary Basham, Appellees.**

**No. 88–1198.**

United States Court of Appeals, Eighth Circuit.

Submitted June 3, 1988.

Decided July 11, 1988.

Certiorari Denied Dec. 12, 1988. See 109 S.Ct. 565.

Betty Faye Johnson, Johnny Nylon, Gary Johnson, Melvin Leroy Tyler, Kent Scott, Adolph Neal, Jefferson City, Mo., pro se.

John Simon, Asst. Atty. Gen., Jefferson City, Mo., for appellees.

Before HEANEY, BOWMAN and BEAM, Circuit Judges.

PER CURIAM.

The American Inmate Paralegal Association, Inc. and some of its members confined in the Missouri State Penitentiary (MSP), appeal from the District Court[1] order dismissing with prejudice their complaint brought pursuant to 42 U.S.C. § 1983, for failure to comply with a court order and as a sanction under Fed.R.Civ.P. 11. We affirm.

On October 8, 1986, appellants filed a pro se complaint, approximately ninety pages long, alleging that various prison officials conspired to retaliate against and harass them for their activities as "jailhouse lawyers," provided appellants inadequate space or personnel for their litigation activities, and generally obstructed appellants' rights in connection with litigation against the prison.

On February 12, 1987, following a conference, the magistrate to whom the case was referred for pretrial matters,[2] informed appellants that they needed to file an amended complaint in order to present their grievances more concisely and clearly. At the request of appellant Melvin LeRoy Tyler, the magistrate incorporated into the order a direction that appellants file an amended complaint within twenty days of the date of the order.

On January 27, 1987, Tyler wrote the court to request an additional ten days in which to serve and file the amended complaint, stating that appellants were having "problems getting it prepared." Subsequently, on February 4, 1987, prison officials removed an electric typewriter from the cell of Gregory Scher, another Missouri inmate who was not a party to this suit.[3]

On February 10, 1987, Tyler wrote the court, stating that the amended complaint had been prepared but that it was supposed to be typed on Scher's electric typewriter. Tyler refused to file the amended complaint because of the typewriter incident and accused prison officials of confiscating the typewriter in retaliation for the appellants' litigation against the prison.[4]

On February 26, 1987, Tyler filed a motion for enlargement of time in which to file the amended complaint, requesting an extension until March 25, 1987. On March 19, 1987, the court entered an order granting appellants until March 28, 1987, to file their amended complaint. On March 26, 1987, and again on April 9, 1987, appellants advised the court that they would not comply with the court's order to file an amended complaint until prison officials returned Scher's typewriter.

---

1. The Honorable Scott O. Wright, Chief Judge, United States District Court for the Western District of Missouri.

2. The Honorable William A. Knox, United States Magistrate for the Western District of Missouri.

3. MSP property regulations do not allow inmates to keep electric typewriters in their cells. Manual typewriters, however, can be kept in the prisoners' cells.

4. Notably, all of Tyler's correspondence concerning the confiscation of Scher's typewriter is typed.

The magistrate submitted a report on April 22, 1987, recommending that appellants' claims be dismissed pursuant to Fed. R.Civ.P. 41(b) for failure to obey a court order. At a conference called by the magistrate on May 5, 1987,[5] Tyler again offered to file an amended complaint and requested an enlargement of time in which to do so. The magistrate granted an additional twenty days in which to file exceptions to his report recommending dismissal and stated that he would wait until he reviewed the exceptions before deciding whether to grant the motion to file an amended complaint out of time. At this conference, the magistrate mentioned to Tyler that the typewriter argument had no merit and noted that, at any rate, the validity of the seizure of the typewriter was being litigated in another case.

On June 17, 1987, appellants filed exceptions to the April 22 report as well as a motion for leave to file their amended complaint. The amended complaint added the district court judge and the magistrate as putative defendants as well as adding new claims.

On October 1, 1987, the magistrate issued a supplemental report recommending dismissal of appellants' claims pursuant to Fed.R.Civ.P. 41(b) for failure to obey a court order and as a sanction under Fed.R. Civ.P. 11 because the "plaintiffs are engaging in a frivolous, uncontrolled abuse of the system." Appellants filed exceptions to the magistrate's supplemental report and recommendation on October 9, 1987.

On November 25, 1987, the District Court adopted the magistrate's recommendation and dismissed appellants' action with prejudice. This appeal followed.

On appeal, appellants argue that the prison officials wrongfully confiscated Scher's typewriter, and that they could not timely file an amended complaint as that typewriter was being used to prepare the complaint. Appellants further contend that the District Court abused its discretion in dismissing their action as a Rule 11 sanction, and

argue that use of the two-way audio-video connection between two courtrooms violated their due process rights.

■ Prison inmates have no constitutional right of access to a typewriter, *see Lindquist v. Idaho State Bd. of Corrections*, 776 F.2d 851, 858 (9th Cir.1985), and prison officials are not required to provide one as long as the prisoner is not denied access to the courts. *See United States v. West*, 557 F.2d 151, 152–53 (8th Cir.1977) (per curiam). Here, appellants could have submitted a handwritten amended complaint, *see Twyman v. Crisp*, 584 F.2d 352, 358 (10th Cir.1978) (per curiam), and we note that all of Tyler's correspondence, complaints and exceptions concerning the confiscated typewriter are typed.

■ Under Fed.R.Civ.P. 41(b), a district court may, on its own motion, dismiss an action for the plaintiff's failure to comply with any court order, and such dismissal operates as an adjudication on the merits. *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir.1986). "The district court's exercise of this power is within the 'permissible range of its discretion' if there has been 'a clear record of delay or contumacious conduct by the plaintiff.' " *Id.* at 803–04 (quoting *Haley v. Kansas City Star*, 761 F.2d 489, 491 (8th Cir.1985) (citations omitted)). Pro se litigants are not excused from complying with court orders or substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir.1984) (per curiam).

■ In light of the lack of merit of appellants' typewriter argument, the fact that appellants' refusal to comply with the court's order was intentional, and considering that the magistrate granted appellants' requests for extensions of time in which to file an amended complaint, dismissal under Rule 41(b) was within the court's discretion.

"Rule 11 allows the district court to impose sanctions whenever a plaintiff has filed a frivolous lawsuit." *Kurkowski v.*

---

**5.** This conference was held via a two-way audio-video connection between the Division II courtroom in the Cole County Courthouse, where the

prison officials were located, and the courtroom in the Missouri State Penitentiary, where appellants were located.

*Volcker*, 819 F.2d 201, 203 (8th Cir.1987). When the appropriateness of a Rule 11 sanction is challenged, this court reviews the sanction under an abuse of discretion standard. *Id.* at 203 n. 8.

■ The record in the present case, which comprises four voluminous files, includes numerous abusive letters about the magistrate and district court judge, various petitions for writs of mandamus to this court as well as to the Supreme Court, and dozens of affidavits from prisoners incarcerated at MSP alleging that the magistrate conspired with prison officials to retaliate against them for their litigation. Even if there was any merit to appellants' complaint against the prison officials, the voluminous amount of frivolous documents submitted by appellants—all typed—in connection with this litigation supports the dismissal with prejudice as a Rule 11 sanction.

■ Civil rights plaintiffs generally have no constitutional right to be present at the trial of their claims, *see Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir.1987) (per curiam); *Holt v. Pitts*, 619 F.2d 558, 560 (6th Cir.1980), yet alone the right to personally attend a pretrial conference. Considering that appellants are asserting their right to attend a pretrial conference and that they can show no benefit that would have accrued had they personally attended the conference, their due process rights were not violated by use of the two-way audio-video connection.

Accordingly, we affirm the District Court.