8 F.3d 29
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Greg SCHULTZ, Plaintiff-Appellant,
v.
AMERICAN TOBACCO CO.; Philip Morris U.S.A.; Lewis,
Department of Corrections; Rhode, Deputy Warden;
Paul J. Schriner, Dep. Warden,
Defendants-Appellees.
 No. 92-15498.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1993.*
Decided Oct. 5, 1993.
 
 Before: FLETCHER, POOLE, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Greg Schultz, an Arizona state prisoner, appeals pro se the district court's dismissal, pursuant to Fed.R.Civ.P. 11, of his action against cigarette manufacturers, the prison system, and prison officials, alleging various injuries from the use of tobacco products. The district court found that dismissal was proper because Schultz's abusive pleading practice violated Rule 11. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Background
 
 
 4
 On August 31, 1990, Schultz filed a product liability action in Arizona state court against five tobacco companies seeking damages for personal injury resulting from inhaling second-hand smoke from tobacco products manufactured by the defendants. Schultz alleged that he suffered heart and lung disorders, and mental distress, including "cancerphobia, heart disease phobia and an emphysema phobia." Philip Morris, Inc. ("PMI") was the only defendant served with the complaint. On September 18, 1990 Schultz filed an amended complaint in state court containing no substantive changes from his original complaint.
 
 
 5
 On October 12, 1990, Philip Morris removed the action to district court on diversity grounds. On November 6, 1990, Schultz filed a second amended complaint adding the Arizona Department of Corrections and certain prison officials as defendants, but raising no new claims. On November 19, 1990, Schultz filed a motion to strike, limit or preempt the defendants' use of certain defenses. On November 20, 1990, Schultz filed a motion for leave to file a third amended complaint to substitute the state of Arizona for the Department of Corrections and to add new defendants, but did not attach to the motion a proposed version of the amended complaint. On November 28, 1990, Schultz filed a motion for leave to file a fourth amended complaint. The district court granted Schultz' motion to file a fourth amended complaint, denied as moot his motion to file a third amended complaint, and denied his motion to limit the use of defenses. The fourth amended complaint deleted the Department of Corrections as a defendant and added two additional private party defendants.
 
 
 6
 In response to the fourth amended complaint, defendant PMI filed an answer and a motion to dismiss the action pursuant to Rule 11. PMI argued that dismissal was proper because the action was frivolous, an abuse of process, and was undertaken to harass PMI. On May 1, 1991, Schultz filed a motion for a preliminary injunction. On May 21, 1991, Schultz filed a motion to dismiss certain defendants from the action. On the same day Schultz also filed a "notice" stating that he was voluntarily dismissing the entire action without prejudice under Rule 41. On May 30, 1991, Schultz filed another "notice" stating that he was withdrawing the two motions filed on May 21, 1991.
 
 
 7
 On June 6, 1991, a magistrate judge issued an order stating that Schultz's numerous filings indicated either that he was confused or that he filed the action with an improper motive. The magistrate judge stayed the action for thirty days and instructed Schultz to inform the court within forty days whether he wished to proceed with the action or voluntarily dismiss it. On June 10, 1991, in response to the June 6, 1991 order, Schultz filed a motion to file a fifth amended complaint and a motion for summary judgment against the "state defendants." On July 11, 1991, the magistrate judge denied Schultz's motion to file a fifth amended complaint, and stayed proceedings on his motion for summary judgment pending Schultz's compliance with a local rule. On July 12, 1991, Schultz filed a "notice" in response to the court's June 6, 1991 order stating that he intended proceed with his action. On July 19, 1991, Schultz filed a motion to add certain defendants which he had previously moved to dismiss, and filed a motion to file a sixth amended complaint. On September 5, 1991, Schultz filed a motion to file a "supplemental complaint." On September 9, 1991, Schultz filed a motion to add a party to his supplemental complaint. On December 6, 1991, Schultz moved for sanctions against PMI for allegedly committing perjury in all of its responsive pleadings. On December 17, 1991, Schultz moved to dismiss another defendant. On February 11, 1992, the magistrate judge filed an order denying Schultz's motions to (1) file a sixth amended complaint, (2) file a supplemental complaint, (3) add defendants, (4) add a defendant to the supplemental complaint, and (5) impose Rule 11 sanctions against PMI.
 
 
 8
 On February 20, 1992, the district court withdrew reference of the case to the magistrate judge. On February 27, 1991, the district court granted PMI's motion to dismiss to the action under Rule 11. The court found that dismissal as a sanction under Rule 11 was warranted because "[s]ince the filing of the initial complaint, Schultz has filed a continuous stream of pleadings, amendments to pleadings and retractions of pleadings which has resulted in a large waste of judicial resources and legal expenses." The court also noted that simultaneous to the filing of the present action, Schultz filed four other actions, two in federal court and two in state court, raising claims identical to those in the present action. Finally, the court noted that in his opposition to removal to federal court of a companion case in which Schultz sought $14 million in damages, Schultz argued that the action did not meet the $50,000 jurisdictional minimum because the damages sought were "unbelievable and absurd (anyone willing to consider [them] is highly suspect)." The court concluded that Schultz's action was filed in violation of Rule 11 because it was frivolous and was meant to harass, cause unnecessary delay, and needlessly increase the cost of litigation. Schultz timely appeals.
 
 II
 Merits
 
 9
 Schultz contends that the district court erred by granting PMI's motion to dismiss under Fed.R.Civ.P. 11 "because a genuine issue of material fact exists." This contention lacks merit.
 
 
 10
 We review the district court's imposition of Rule 11 sanctions for abuse of discretion. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990); United States v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir.1992).
 
 
 11
 The district court may impose sanctions upon a party under Rule 11. Golden Eagle Distributing Corp. v. Burroughs Corp., 801 F.2d 1531, 1536 (9th Cir.1986). The district court may dismiss an action for plaintiff's failure to comply with the federal rules or any orders of the court. Chambers v. NASCO, Inc., 111 S.Ct. 2123, 2132-33 (1991) (dismissal of an action is a severe sanction but is within the district court's discretion); see Fed.R.Civ.P. 41(b).
 
 
 12
 Rule 11 provides that an unrepresented party shall sign all papers filed with the court to certify "that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact ... and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. Fed.R.Civ.P. 11. If a pleading, motion, or other paper is signed in violation of Rule 11, the court shall impose sanctions upon the signer. Id. The standard to determine whether Rule 11 has been violated is objective reasonableness. Business Guides, Inc. v. Chromatic Communications Enters., Inc., 111 S.Ct. 922, 933 (1991). While the district court may impose Rule 11 sanctions against a pro se litigant for filing a frivolous claim, the court must construe pro se pleadings liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Cook v. Peter Kiewit Sons Co., 775 F.2d 1030, 1037 & n. 13 (9th Cir.1985). Moreover, the court has "sufficient discretion to take account of the special circumstances that often arise in pro se situations." Adv.Comm. Notes to the 1983 amendment to Fed.R.Civ.P. 11.
 
 
 13
 Here, Schultz filed motions to amend his complaint seven times and often failed to attach a proposed amended complaint to the motion. He filed numerous pleadings seeking to dismiss and add many of the same parties and claims to his action. Schultz also sought and later withdrew a voluntary dismissal of his action. Schultz has filed several actions in other districts and state courts asserting the same claims, and has admitted that the damages he seeks are "absurd." In American Inmate Paralegal Ass'n. v. Cline, 859 F.2d 59 (8th Cir.1988), the Eighth Circuit held that dismissal of an action with prejudice under Rule 11 is proper where a pro se litigant files a "voluminous amount of frivolous documents." Id. at 62. We find this rule applicable in this instance. Schultz's numerous frivolous filings indicate that he initiated this action to harass and cause unnecessary delay in the proceedings. See Fed.R.Civ.P. 11. Accordingly, the district court did not abuse its discretion by dismissing Schultz's action for violating Rule 11. See Chambers, 111 S.Ct. at 2133; Cline, 859 F.2d at 62; Cook, 775 F.2d at 1037 & n. 13.[1]
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Schultz also challenges the district court's denial of his motion for appointment of counsel. Appointment of counsel under 28 U.S.C. § 1915(d) is left to the sound discretion of the trial court and is granted only in "exceptional circumstances" where the legal issues are complex. Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.1986). Because no such exceptional circumstances exist in this case, the district court did not abuse its discretion by denying the motion. See id. Schultz also challenges the district court's orders refusing to permit service on another defendant and staying discovery pending resolution of PMI's motion to dismiss. In light of our decision affirming the dismissal of Schultz's action, we need not review the merits of these orders