Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
09/09/2016 09:08 AM CDT

Steven M. Jacob, appellant, v. Nebraska Department
of Correctional Services and Scott Frakes,
director of the Nebraska Department of
Correctional Services, appellees.
___ N.W.2d ___

Filed September 9, 2016.    No. S-15-826.

1. **Declaratory Judgments: Pleadings: Time: Appeal and Error.** In
   an action for declaratory judgment under Neb. Rev. Stat. § 25-21,149
   (Reissue 2008), a motion to alter or amend tolls the time for filing an
   appeal and any notice of appeal prior to the disposition of the motion to
   alter or amend has no effect.
2. **Pleadings: Courts: Appeal and Error.** A motion to alter or amend
   a decision by the district court sitting as an appellate court is merely
   a motion for the court to exercise its inherent power to reconsider
   the judgment.
3. **Motions to Dismiss: Pleadings: Appeal and Error.** An appellate court
   reviews a district court's order granting a motion to dismiss de novo,
   accepting all allegations in the complaint as true and drawing all reason-
   able inferences in favor of the nonmoving party.
4. **Prisoners: Courts: Claims: Damages: Proof.** To establish a violation
   of the right of meaningful access to the courts, a prisoner must establish
   the State has not provided an opportunity to litigate a claim challenging
   the prisoner's sentence or conditions of confinement in a court of law,
   which resulted in actual injury.
5. **Constitutional Law: Courts: Prisoners.** The U.S. Constitution guaran-
   tees a prisoner a right to access the courts.
6. **Courts: Actions: Words and Phrases.** Meaningful access to the courts
   is the capability to bring actions seeking new trials, release from con-
   finement, or vindication of fundamental civil rights.
7. **Constitutional Law: Courts: Prisoners.** An inmate's right of access to
   the courts in Nebraska is no greater than those rights of access to the
   federal courts under the U.S. Constitution.

8. **Statutes: Prisoners: Words and Phrases.** A statute or regulation can forge a heightened, state-created right for inmates only if the right is limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Appeal from the District Court for Lancaster County: Robert R. Otte, Judge. Affirmed.

Steven M. Jacob, pro se.

Douglas J. Peterson, Attorney General, and Kyle Citta for appellees.

Wright, Miller-Lerman, Cassel, and Kelch, JJ., and Moore, Chief Judge.

Wright, J.

NATURE OF CASE

The Nebraska Department of Correctional Services (Department) refused to return a typewriter to an inmate, Steven M. Jacob, after Jacob sent the typewriter out of the prison for repairs. Jacob filed a grievance, which the Department denied without a hearing. Jacob then petitioned the district court for Lancaster County for a declaratory judgment and also for review under the Administrative Procedure Act (APA), Neb. Rev. Stat. § 84-901 et seq. (Reissue 2008 & Cum. Supp. 2012).

Initially the district court dismissed the petition as moot. Jacob then moved to alter or amend, but before a hearing on the motion was held, he appealed. This court dismissed the appeal in a November 19, 2014, memorandum opinion in case No. S-14-035 for lack of jurisdiction. Upon remand, the district court sustained Jacob's motion to alter or amend, and the Department moved to dismiss for failure to state a claim pursuant to Neb. Ct. R. Pldg. § 6-1112(b)(6). The district court sustained the motion and dismissed the action. Jacob now appeals from that dismissal.

## BACKGROUND

Jacob is incarcerated with the Department. He has utilized his personal typewriter, a Brother ML500 with "text memory" capabilities, for a number of years in his cell. In March 2013, Jacob requested to have the typewriter sent to a repair service outside the prison to correct various typing errors. He was informed by the Department that if he sent the typewriter out for servicing, it would not be returned to his possession. The Department explained that the model Jacob possessed was no longer an approved item due to its text memory capabilities and that if he sent the typewriter out for repairs, he would have to make other arrangements for its disposition once it was repaired.

### Grievance With Department

Jacob, pro se, filed a grievance with the Department. He alleged that without his typewriter, his right to access to the courts would be impaired. He claimed the Department's refusal to return his typewriter violated Neb. Rev. Stat. § 83-4,123 (Reissue 2014). Jacob also asked for a declaratory order by the Department under § 84-912.01, stating that he had a right to the return of his typewriter if he sent it for repairs.

The Department denied Jacob's grievance. It stated: "You are grieving the policy that provides if an item that is no longer approved is sent out of the institution for repairs, the item cannot be returned to the inmate. This policy will not be changed at this time."

### Petition Before District Court

Jacob then filed a "Petition for Review of Administrative Order and Declaratory Judgment" in the district court. He admitted that he was advised by the Department that he could send his typewriter out for service, but that he would not be allowed to have it back if he did. Jacob acknowledged that the Department regulations did not allow inmates to have personal typewriters with text memory capabilities.

Jacob claimed that his typewriter facilitated his access to the courts. He stated that he had access to his typewriter for 10 hours every day, as opposed to the prison law library typewriters for only 1 hour every odd day. Jacob alleged that unlike the law library typewriters, his typewriter had spell checking and allowed him "to review and edit his writing without wasting ribbons, paper, or time." He concluded that without his typewriter, his access to the courts was "impair[ed]." He asserted that the Department's refusal to return his typewriter was not pursuant to any disciplinary action against him.

Under the "Declaratory Judgment" section of his petition, Jacob stated that he was seeking a declaratory judgment and that he had a right "under Neb.Rev.Stat. §84-912.01(2) to rules and regulations providing for the written procedures to follow when seeking a Declaratory Order from the [Department]." Jacob also sought "a declaratory judgment seeking a statement of [his] rights under Neb.Rev.Stat. §83-4,123 to not have his right to access the courts impaired by rules, regulations or policies of the Department." Jacob generally asked the district court for an order stating that the Department must allow him possession of his typewriter after it had been repaired.

Jacob did not set forth a separate petition for APA review in his petition. Under his general allegations, he stated he was seeking review under § 84-917, which provided for judicial review under the APA for the benefit of any person aggrieved by a final decision in a contested case. He did not allege how the Department's denial of his grievance was a final decision in a contested case. Generally, he alleged that the Department's decision denying his grievance violated the same statutes that he referred to in his petition's "Declaratory Judgment" section.

## Motion to Dismiss for Failure to State Claim

The Department and its director moved to dismiss Jacob's petition for failure to state a cause of action. Jacob argued that even though there was no hearing below, there was a

declaratory order by the Department. Section 84-912.01(6) provides that a declaratory order shall have the same status and binding effect as any other order issued in a contested case. He claimed that without a contested case, it was proper to appeal the Department's declaratory order by filing a petition for review under the APA.

In his "Brief in Opposition to Motion to Dismiss," Jacob stated that his typewriter had eventually been sent out for repairs, but that it "was physically destroyed beyond repair" upon its arrival at the repair center. At the hearing on the State's motion to dismiss, the State argued that Jacob's claims were moot due to Jacob's statements about the destruction of his typewriter. The district court agreed and dismissed Jacob's petition as moot. It reasoned that according to Jacob's brief, the typewriter no longer existed.

Jacob timely moved to alter or amend the judgment. The matter was set for hearing, but before the hearing was held, Jacob filed a notice of appeal from the district court's order of dismissal. The notice of appeal stated that it was being filed in an "abundance of procedural caution." The district court granted Jacob's motion to proceed with this appeal in forma pauperis. It canceled its hearing on the motion to alter or amend, reasoning that due to Jacob's notice of appeal, it no longer had jurisdiction.

FIRST APPEAL

The question presented on Jacob's first appeal was whether this court had jurisdiction when Jacob's motion to alter or amend was still pending in the lower court.

[1] We concluded that in an action for declaratory judgment under Neb. Rev. Stat. § 25-21,149 (Reissue 2008), a motion to alter or amend tolled the time for filing an appeal and any notice of appeal prior to the disposition of the motion to alter or amend had no effect. We concluded that we lacked jurisdiction over the appeal from the dismissal of Jacob's declaratory judgment action, because the motion to alter or amend was still pending.

[2] As to Jacob's appeal under the APA, we stated that a motion to alter or amend was not a tolling motion under Neb. Rev. Stat. § 25-1329 (Reissue 2008). We explained that a motion to alter or amend a decision by the district court sitting as an appellate court is merely a motion for the court to exercise its inherent power to reconsider the judgment. Therefore, a timely notice of appeal from the decision of the district court sitting as an appellate court under the APA remained effective even when a motion to alter or amend the judgment was still pending below.

However, we concluded that the appeal should be dismissed in its entirety for lack of jurisdiction because there was not a final decision in a contested case and because Jacob never had an appeal under the APA. We stated that under § 84-917, for an agency decision to be reviewed by the district court, there must be a final decision in a contested case.[1] Because there was no agency hearing upon Jacob's grievance, the decision Jacob attempted to appeal from was the one-page response signed on behalf of the Department's director denying Jacob's grievance on the grounds that the policy clearly prohibited the return of Jacob's typewriter and that the policy would not be changed. There are no statutes requiring a hearing on inmate grievances, and the Department's rules and regulations do not require a hearing. Although Jacob stated in his grievance that he sought a declaratory judgment by an agency as provided for in § 84-912.01, the Department did not consider the grievance form to be the proper means of requesting such declaratory order. We concluded that because no law or constitutional provision required a hearing before the Department on Jacob's grievance, there was no contested case. Therefore, despite the label Jacob attached to his petition, there was no appeal under the APA. Rather, the district court was acting solely as a trial court to determine Jacob's various requests for declaratory relief.

---

[1] See § 84-901(3).

Because the notice of appeal had no effect as to the declaratory judgment actions, we dismissed the appeal for lack of jurisdiction and remanded the matter to the district court for consideration of Jacob's pending motion to alter or amend.

### REMAND

Upon remand, a hearing was held on Jacob's motion to alter or amend. The district court sustained the motion and gave the Department 21 days to respond. The Department then filed a second motion to dismiss for failure to state a claim. The district court sustained the Department's motion and dismissed the action. It concluded, based on legal precedent from several jurisdictions, that an inmate's right to access the courts did not include a right to a personal typewriter. It also found that Jacob did not allege any specific facts establishing that he was actually prejudiced in connection with any pending or contemplated legal proceeding because of his lack of a personal typewriter. Jacob appeals from that judgment.

### ASSIGNMENT OF ERROR

Jacob assigns that the district court erred in dismissing the action for failure to state a claim.

### STANDARD OF REVIEW

[3] An appellate court reviews a district court's order granting a motion to dismiss de novo, accepting all allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party.[2]

### ANALYSIS

Jacob first argues that because we found in the previous appeal that he had "properly stated an action for declaratory judgment," the district court was precluded from dismissing this action for failure to state a claim. Jacob's argument misunderstands the nature and context of our November 19,

---

[2] *Rafert v. Meyer*, 290 Neb. 219, 859 N.W.2d 332 (2015).

2014, memorandum opinion in case No. S-14-035, in which
we held:

> There is no dispute that in an action for declaratory
> judgment under § 25-21,149, a motion to alter or amend
> tolls the time for filing an appeal, and any notice of
> appeal prior to the disposition of the motion to alter or
> amend has no effect. We find that Jacob properly stated
> an action for declaratory judgment, *whatever its under-
> lying merit.* Thus, this court lacks jurisdiction over the
> appeal from the dismissal of Jacob's declaratory judg-
> ment action.

When considered in the proper context, it becomes apparent
that although we determined that Jacob's petition included an
action for declaratory judgment, we did not address the merits
of that claim or hold that it was sufficient to survive an attack
under § 6-1112(b)(6). Jacob's argument to the contrary is with-
out merit.

Now, the case is before us on appeal from the dismissal of
Jacob's claim for declaratory judgment by the district court for
failure to state a claim upon which relief may be granted. The
question presented is whether Jacob's pleading protesting the
Department's denial of his grievance regarding the denial of
access to his typewriter states a claim upon which relief may
be granted.

Jacob alleged that the Department's refusal to return his
typewriter violated § 83-4,123. That section provides that
the statutes empowering the Department to adopt and prom-
ulgate rules and regulations relating to discipline shall not
be construed to restrict or impair an inmate's free access to
the courts and necessary legal assistance where the action
pertains to disciplinary measures. But the Department's pol-
icy underlying Jacob's grievance is not related to disci-
pline. Therefore, Jacob's argument based upon § 83-4,123
must fail.

Furthermore, in *American Inmate Paralegal Assoc. v. Cline*,
the Eighth Circuit Court of Appeals held that prison inmates

have no constitutional right of access to a typewriter.[3] And prison officials are not required to provide one as long as the prisoner is not denied access to the courts.[4]

Jacob has conceded that he does not have a federal right of access to his typewriter.[5] The U.S. Supreme Court in *Lewis v. Casey*[6] held that an inmate could show a violation of his right to access the courts only by showing "'actual injury'—that is, 'actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim.'"

But Jacob claims that the State of Nebraska, through various statutes, has created a greater right of access to the courts which is more protective than the federal standard. He concludes this heightened State-created privilege gives him the right to have his typewriter with text memory capabilities inside his prison cell. We disagree.

[4] Our right of access to the courts in Nebraska is the same as the federal standard. In *Payne v. Nebraska Dept. of Corr. Servs.*,[7] we adopted the federal "actual injury" standard from *Lewis*.[8] We stated that to establish a violation of the right of meaningful access to the courts, a prisoner must establish the State has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury. We stated that the only relevant question was whether an inmate has the

---

[3] *American Inmate Paralegal Assoc. v. Cline*, 859 F.2d 59 (8th Cir. 1988). See, also, *Lindquist v. Idaho State Bd. of Corrections*, 776 F.2d 851 (9th Cir. 1985).

[4] *United States v. West*, 557 F.2d 151 (8th Cir. 1977).

[5] See *American Inmate Paralegal Assoc. v. Cline, supra* note 3.

[6] *Lewis v. Casey*, 518 U.S. 343, 348, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996).

[7] *Payne v. Nebraska Dept. of Corr. Servs.*, 288 Neb. 330, 848 N.W.2d 597 (2014).

[8] *Lewis v. Casey, supra* note 6, 518 U.S. at 349.

capability of bringing a legal issue to court, specifically the capability of bringing before the courts contemplated challenges to sentences or conditions of confinement.[9]

In *Payne*, the prisoner filed a petition for declaratory judgment alleging that certain operational memorandums of the Department were invalid because they restricted his library time, in violation of his rights to access to the courts. He alleged he had filed or had planned on filing civil actions and two criminal postconviction actions. In one postconviction action, he was represented by counsel, and the rest were being undertaken pro se.

The primary issue was whether the 1-hour-per-day regulation on the prisoner's law library time created an actual injury sufficient to meaningfully deny him access to the courts. Ultimately, the district court granted summary judgment in favor of the Department and found there was no genuine issue of material fact that the prisoner did not show an actual injury to a nonfrivolous and arguably meritorious claim as a result of the challenged regulations and the limits on his access to the law library.

[5,6] We recognized that the U.S. Constitution guarantees a prisoner a right to access the courts.[10] Meaningful access to the courts is the capability to bring """"actions seeking new trials, release from confinement, or vindication of fundamental civil rights."'""[11] This right requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law.[12]

To establish a violation of the right of meaningful access to the courts, a prisoner must establish the State has not

---

[9] *Payne v. Nebraska Dept. of Corr. Servs., supra* note 7.

[10] *Id.* See *White v. Kautzky*, 494 F.3d 677 (8th Cir. 2007).

[11] *Payne v. Nebraska Dept. of Corr. Servs., supra* note 7, 288 Neb. at 334, 848 N.W.2d at 601.

[12] *Payne v. Nebraska Dept. of Corr. Servs., supra* note 7.

provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim.[13] The constitutional right to access the courts does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims.[14] The tools it requires to be provided are those that the inmates need in order to attack their sentences directly or collaterally and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental and perfectly constitutional consequences of conviction and incarceration.[15]

[7] Contrary to Jacob's assertion, we hold that an inmate's right of access to the courts in Nebraska is no greater than those rights of access to the federal courts under the U.S. Constitution.

In his interpretation of § 83-4,123 and Neb. Rev. Stat. § 83-4,111 (Reissue 2008), Jacob claims these statutes create a higher right of access to the courts in Nebraska than those espoused by the federal courts. We disagree. The U.S. Supreme Court in *Sandin v. Conner*[16] determined that whether a state chooses to heighten an inmate's rights is analyzed under the "atypical . . . deprivation" test. Prior to *Sandin*, prisoners could discover "state-created" heightened privileges and protections based upon express language of state laws and regulations.[17] But in *Sandin*, the U.S. Supreme Court rejected

---

[13] *Id.*

[14] *Id.*

[15] *Lewis v. Casey, supra* note 6.

[16] *Sandin v. Conner*, 515 U.S. 472, 486, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995).

[17] See *Wolff v. McDonnell*, 418 U.S. 539, 557, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974).

this approach because it "encouraged prisoners to comb regulations in search of mandatory language on which to base entitlements to various state-conferred privileges."[18]

[8] Instead of heightened rights that were based on language from state laws and regulations, the court in *Sandin* created a new standard: A statute or regulation can forge a heightened, state-created right for inmates only if the right is "limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."[19] Thus, states raise the federal bar if they allow an inmate to experience something that is "significantly atypical" of the usual prisoner experience and is protected by mandatory language in the statutes and regulations. This is usually found in cases where the government tries to lengthen the inmate's time of imprisonment.

Nothing in Jacob's petition regarding his typewriter with text memory capabilities meets the *Sandin* atypical deprivation test. Nothing in Jacob's petition establishes that he has a heightened State-created right of access to the courts, i.e., to a typewriter with such capabilities. Because the prohibition of Jacob's typewriter is not an "atypical, significant deprivation" in relation to the ordinary incidents of prison life, Jacob's petition fails to state a claim for relief.[20]

For the reasons stated herein, we conclude that Jacob has failed to state a claim upon which relief can be granted, and the court did not err in sustaining the Department's motion to dismiss Jacob's claim.

Affirmed.

Heavican, C.J., and Connolly and Stacy, JJ., not participating.

---

[18] *Sandin v. Conner, supra* note 16, 515 U.S. at 481.

[19] *Id.*, 515 U.S. at 484.

[20] *Id.*, 515 U.S. at 486.