# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2220

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Tavon Tarrell Timberlake, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: February 13, 2012
Filed: June 6, 2012

_____

Before GRUENDER, BENTON, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Tavon Timberlake pled guilty to being a felon in possession of a firearm under 18 U.S.C. §§ 922(g) and 924(a)(2). The district court[1] granted the Government's motion for both an upward departure and an upward variance from Timberlake's advisory Sentencing Guidelines range, sentencing Timberlake to 80 months imprisonment. Timberlake appeals, challenging the district court's application of the Guidelines and arguing that his sentence is substantively unreasonable. We affirm.

_____

[1] The Honorable David S. Doty, United States District Judge for the District of Minnesota.

## I.

On June 3, 2010, an officer of the Brooklyn Center Police Department conducted a traffic stop of a vehicle in Brooklyn Center, Minnesota. The officer initiated the stop because he had been previously informed that the occupants of the vehicle were attempting to sell handguns. Timberlake was one of the passengers, and the officer found a loaded .40 caliber semiautomatic pistol in the front waistband of his pants. Police officers also recovered two other firearms from the vehicle, including a nine millimeter semiautomatic firearm with a large capacity magazine containing 24 rounds of ammunition. In addition, the officers found 12.8 grams of marijuana hidden behind a child's car seat.

Timberlake was arrested and charged with being a felon in possession of a firearm. He subsequently entered into a plea agreement with the Government and pled guilty to the charged offense. In the agreement, both parties concluded that Timberlake's base offense level was 14, pursuant to United States Sentencing Commission, Guidelines Manual, §2K2.1(a)(6). They also agreed that none of the enhancements of section 2K2.1(b) applied to Timberlake and that Timberlake was eligible for a two-level reduction for accepting responsibility under section 3E1.1(a). Accordingly, the parties determined that Timberlake possessed an adjusted offense level of 12 and a level VI criminal history, thereby establishing an advisory Guidelines range of 30 to 37 months. However, both parties also reserved the right to present all relevant evidence at sentencing and to seek a sentence outside the applicable Guidelines range.

The Probation Office reached a different result than the parties when it calculated Timberlake's Guidelines range. Its Presentence Investigation Report

("PSR") calculated Timberlake's adjusted offense level at 23.[2] The PSR also found that Timberlake had a level VI criminal history and thus determined that the applicable Guidelines range should be 92 to 115 months imprisonment.

Both Timberlake and the Government objected to the PSR's recommendation and requested that the court initially calculate Timberlake's Guidelines range pursuant to the plea agreement. Timberlake also argued that he should receive a sentence at or near the bottom of the Guidelines range of 30 to 37 months because of several mitigating factors, including a difficult childhood and because his offense was a "typical" felon-in-possession case. In response, the Government moved for an upward departure under Guidelines section 4A1.3(a)(1), which allows for a departure where there is "reliable information indicat[ing] that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." USSG §4A1.3(a)(1). The Government based this request on Timberlake's extensive criminal history involving firearms, noting that Timberlake was found with a loaded weapon during six different arrests in a ten-year period. The Government also moved for an upward variance under 18 U.S.C. § 3553(a). In particular, the Government argued that the variance was warranted because: (1) Timberlake's offense was connected with drug trafficking; (2) Timberlake's criminal history was similar to that of an armed

---

[2] The PSR concluded that Timberlake's base offense level was 20 pursuant to section 2K2.1(a)(4)(B), which applies when the offense involves a "semiautomatic firearm that is capable of accepting a large capacity magazine." This was based on the PSR's determination that Timberlake's relevant conduct in the offense included the nine millimeter firearm with the large capacity magazine that was found in the vehicle. The PSR also concluded that a two-level enhancement was warranted because the offense involved three firearms under section 2K2.1(b)(1); that a four-level enhancement applied because Timberlake previously possessed a firearm in connection with a felony drug possession conviction under section 2K2.1(b)(6); and that Timberlake should receive a three-level reduction for acceptance of responsibility under section 3E1.1(b).

career criminal; (3) Timberlake had received more lenient sentences for the same offense and required a more serious sentence to reflect the seriousness of his offense, promote respect for the law, and provide just punishment; (4) Timberlake's high risk of recidivism required a lengthy prison sentence to deter future crimes and protect the public; and (5) the policy considerations demonstrated that a Guidelines sentence would not be sufficient to satisfy the goals of sentencing. The Government requested that the district court sentence Timberlake to 108 months imprisonment.

At sentencing, the district court adopted the Guidelines calculation offered by the parties in the plea agreement and rejected the PSR's calculations, finding a lack of evidence to establish the applicability of the section 2K2.1(b) enhancements included in the PSR. In accordance with the Government's argument, the court determined that the standard for an upward departure under Guidelines section 4A1.3(a)(1) had been met. Accordingly, the court adjusted Timberlake's offense level from 12 to 20, citing Guidelines section 4A1.3(a)(4)(B), which provides the method of departing upward when the defendant already has a level VI criminal history. This placed Timberlake's Guidelines range at 72 to 87 months, and the court sentenced Timberlake to 80 months imprisonment. The court stated that it "would impose the same sentence under section 3553(a) even if it had not granted the Government's motion for an upward departure under guidelines section 4A1.3." After the district court announced Timberlake's sentence, Timberlake argued that his adjusted offense level of 20 should have been reduced by three levels for Timberlake's acceptance of responsibility and that his Guidelines range should have been 51 to 63 months. However, the court explained that "the Government moved for both a variance and an upward departure, and I granted that motion, so . . . part of this change is an upward departure based on 4A1.3, part of it is a variance, and so I think I'm going to stick with the sentence that I have announced." When asked by Timberlake to explain the basis for the variance, the court stated that any variance was "based on the same facts that I'm relying upon to upwardly depart." Timberlake now appeals his sentence.

## II.

"In reviewing a challenge to a sentence, we 'must first ensure that the district court committed no significant procedural error.'" United States v. Dace, 660 F.3d 1011, 1013 (8th Cir. 2011) (quoting Gall v. United States, 552 U.S. 38, 51 (2007)). If we discover no procedural error, we then consider the substantive reasonableness of the sentence imposed under a deferential abuse-of-discretion standard. United States v. Black, 670 F.3d 877, 882 (8th Cir. 2012).

Here, Timberlake contends that the district court erred procedurally by not performing an incremental analysis in departing upward under Guidelines section 4A1.3. Timberlake also contends that his sentence was substantively unreasonable. We address each of these arguments in turn.

## A.

Timberlake first argues that the district court failed to properly apply the upward departure provisions of Guidelines section 4A1.3 and inadequately explained the degree of departure. Specifically, Timberlake argues that the court procedurally erred by failing to follow the section 4A1.3 instruction to move "incrementally down the sentencing table to the next higher offense level in Criminal History Category VI until it finds a guideline range appropriate to the case" when it changed Timberlake's offense level from 12 to 20. USSG §4A1.3(a)(4)(B). Usually, "[i]n reviewing a sentence for significant procedural error, we review a district court's factual findings for clear error and its interpretation and application of the guidelines de novo." United States v. Bryant, 606 F.3d 912, 918 (8th Cir. 2010). But "[i]f a defendant fails to timely object to a procedural sentencing error, the error is forfeited and may only be reviewed for plain error." United States v. Phelps, 536 F.3d 862, 865 (8th Cir. 2008). As an initial matter, the parties disagree as to whether Timberlake properly objected to the district court's sentencing analysis.

However, the standard of review does not present Timberlake's greatest obstacle in this appeal. We have held that any procedural error in granting an upward departure is harmless when the district court makes it clear that the sentence is also based on an upward variance under the section 3553(a) factors. See United States v. Johnson, 572 F.3d 449, 455 (8th Cir. 2009) (concluding that any error in assessing an upward departure was harmless and affirming the sentence "based on the district court's alternative decision to impose an upward variance based on the § 3553(a) factors"); United States v. Sanchez-Martinez, 633 F.3d 658, 660 (8th Cir. 2011) (finding any procedural error harmless "because the record is clear that the district court intended to impose the same sentence . . . based on 18 U.S.C. § 3553(a)"). Here, the district court explained that had it not granted the Government's motion for an upward departure, it would still have varied upward to a sentence of 80 months imprisonment under the section 3553(a) factors. The court explicitly referenced the section 3553(a) factors and concluded that a sentence of 80 months imprisonment was appropriate and reasonable in light of those factors. From our review of the sentencing transcript and the written explanation, it is evident that the district court specifically relied on factors (1) and (2) of section 3553(a) by noting Timberlake's frequent firearm convictions and his high likelihood of recidivism. Regardless of the standard of review and even assuming the court erred procedurally in its application of Guidelines section 4A1.3, any such error was harmless because of the court's alternative reliance on an upward variance.

## B.

Having determined that any possible procedural error was harmless, we now turn to Timberlake's argument that his 80 month sentence is substantively unreasonable. "'We review the substantive reasonableness of a defendant's sentence for abuse of discretion.'" United States v. Wilcox, 666 F.3d 1154, 1156 (8th Cir. 2012) (citation omitted). "A sentencing court abuses its discretion if it fails to consider a relevant factor that should have received significant weight, gives

significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Watson, 480 F.3d 1175, 1177 (8th Cir. 2007).

Timberlake argues that his sentence is unreasonable because the district court placed too much emphasis on Timberlake's criminal history and the need for punishment while also undervaluing "important mitigating factors." Timberlake cites five specific mitigating factors: (1) an unstable and tragic childhood; (2) an early exposure to firearms in a dangerous neighborhood; (3) his mother's illness; (4) his daughter's frequent trips to foster care without a father to look after her; and (5) his dedication to rehabilitating himself as evidenced by his completion of an anger management course and a drug abuse education course.

Although the district court did not specifically refer to the factors listed above in imposing its sentence, Timberlake raised these issues in his sentencing position memorandum to the district court and at the sentencing hearing. We therefore presume that the district court considered these mitigating factors and rejected them. See Wilcox, 666 F.3d at 1157. Moreover, the district court stated that it had considered "the nature and circumstances of the instant offense, as well as the history and the characteristics of the defendant, including his numerous convictions for drug and gun offenses," and ultimately found that "a sentence of 80 months is sufficient but not greater than necessary to afford adequate deterrence to future criminal conduct." At sentencing, the Government discussed Timberlake's multiple convictions and the failure of more lenient, incremental punishment to prevent recidivism. In pronouncing its sentence, the court emphasized that the instant offense was Timberlake's fifth conviction for the illegal possession of a firearm. The court's emphasis on the defendant's criminal history and the nature of the offense falls within a sentencing court's "substantial latitude to determine how much weight to give the various factors under § 3553(a)." United States v. Ruelas-Mendez, 556 F.3d 655, 657 (8th Cir.

2009).  Accordingly, we find no abuse of discretion in the court's decision to impose a sentence of 80 months imprisonment.

III.

We affirm the sentence imposed by the district court.

_____