[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11363
Non-Argument Calendar
_____

D.C. Docket No. 5:11-cr-00054-MTT-CHW-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ADRIAN TENNISON,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(November 5, 2012)

Before HULL, WILSON and JORDAN, Circuit Judges.

PER CURIAM:

Adrian Tennison appeals the 48-month sentence imposed upon him by the district court after he pleaded guilty to the unlawful production of identification documents, in violation of 18 U.S.C. § 1028(a)(1).  Although the Federal Sentencing Guidelines range was 24 to 30 months' imprisonment, the sentencing judge imposed an upward departure and an upward variance to arrive at the 48-month sentence.  We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1).  On appeal, Tennison argues that the district court's upward variance was substantively unreasonable.  After a thorough review of the record and briefs, we affirm.

## I.    Background

On November 2, 2011, Tennison pleaded guilty to one count of unlawful production of an identification document, in violation of 18 U.S.C. § 1028(a)(1). The maximum statutory penalty for the offense is 15 years' imprisonment.  A United States Probation Officer prepared Tennison's presentence investigation report (PSR) and calculated the Guidelines range to be between 24 and 30 months. Although the sentencing judge adopted the PSR, he stated: "[T]here are grounds for an upward departure, a greater sentence than that called for by the Sentencing Guidelines."  After discussing Tennison's lengthy criminal history and his manipulation of his co-defendants, the judge imposed a 48-month sentence—18 to

24 months above the Guidelines range—based on: (1) the inadequacy of the PSR's criminal history category; and (2) 18 U.S.C. § 3553(a)'s upward-variance factors.[1]

During the sentencing hearing, the Government suggested to the court that it had imposed both an upward departure and an upward variance because of its consideration of the § 3553(a) factors. The court responded: "Well, I think that's correct as a technical matter." Following the hearing, in its Statement of Reasons the court also pointed to U.S.S.G. § 4A1.3—the inadequacy of Tennison's criminal history category—as the reason for the upward departure. Tennison now appeals the substantive reasonability of the sentencing judge's upward variance.[2]

## II.    Analysis

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591

---

[1] The § 3553(a) factors are: (1) the nature and circumstances of the offense and history and characteristics of the defendant; (2) the need for the sentence to reflect the seriousness of the offense; (3) the need to promote respect for the law and afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with education and vocational training and medical care; (6) the kinds of sentences available; (7) the Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a)(1)-(7).

[2] Tennison does not challenge the district court's imposition of an upward departure; therefore, he has abandoned that issue. *See United States v. Scott*, 426 F.3d 1324, 1329 (holding that the defendant's failure to challenge the district court's refusal for a downward departure resulted in abandonment of that issue). Even if the district court's upward departure was improper, one of our sister circuits has held that an improper upward departure may be salvaged by a simultaneous upward variance. *See United States v. Timberlake*, 679 F.3d 1008, 1011–12 (8th Cir. 2012) ("We have held that any procedural error in granting an upward departure is harmless when the district court makes it clear that the sentence is also based on an upward variance under the section 3553(a) factors."). Because Tennison abandoned any argument on the upward departure, we need not decide this issue today.

(2007).  A sentence must be both procedurally and substantively reasonable.  *See id.* at 51, 128 S. Ct. at 597 ("Assuming that the district court's sentencing decision is procedurally sound, the appellate court should then consider the substantive reasonableness of the sentence . . . ."); *United States v. Ellisor*, 522 F.3d 1255, 1273 (11th Cir. 2008).  We will only vacate a sentence for substantive unreasonableness upon a "definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors."  *United States v. McGarity*, 669 F.3d 1218, 1264 (11th Cir. 2012) (internal quotation marks omitted), *cert. denied*, *McGarity v. United States*, S. Ct. 2012, __ U.S. __, __ S. Ct. __, (No. 12-5740, October 1, 2012).  The party challenging the sentence bears the burden of proof.  *Id.*

We are convinced from the record that the district court properly applied 18 U.S.C. § 3553(a) to the facts of this case and imposed a substantively reasonable sentence.  During the sentencing hearing, the district judge considered Tennison's history and characteristics[3] when he referred to the "common thread suggested by [Tennison's] activities over the past three or four years." Tennison's activities over the past four years included: (1) a 2008 charge for two counts of forgery; (2) a 2009 conviction for violation of the RICO Act; (3) a July 2010 charge for criminal attempt—theft by taking; criminal damage to property; larceny; and invasion of

---

[3] 18 U.S.C. § 3553(a)(1).

privacy—criminal trespass; (4) an October 2010 charge for criminal attempt to commit a felony; knowingly driving a vehicle with a suspended, cancelled, or revoked registration; no insurance; and driving with a suspended/revoked registration; and finally (5) a November 2010 charge for armed robbery; kidnapping; theft by taking a motor vehicle; and burglary. Tennison had also been convicted of aggravated battery in 1992 and robbery in 2003.

Albeit without mentioning specifics, the district court also found that there was a need for the sentence to better reflect the seriousness of the offense, promote respect for the law, and provide just punishment.[4] Likewise, the court found that an upward variance would afford greater deterrence to criminal conduct[5] and protect the public from further crimes of Tennison.[6]

Given that the district court explicitly considered Tennison's extensive criminal history, we are not persuaded that the district court committed a clear error of judgment. Tennison argues that there were no "extraordinary circumstances" warranting an "extraordinary" 60%–100% percent increase from the Guidelines range of 24 to 30 months. We reject, as the Supreme Court requires us to, "an appellate rule that requires 'extraordinary' circumstances to justify a

_____

[4] 18 U.S.C. § 3553(a)(2).

[5] 18 U.S.C. § 3553(a)(2)(B).

[6] 18 U.S.C. § 3553(a)(2)(C).

sentence outside the Guidelines range." *Gall*, 552 U.S. at 47, 128 S. Ct. at 595. The percentage increase from the Guidelines range is relevant, *see United States v. Kapordelis*, 569 F.3d 1291, 1317 (11th Cir. 2009),  but we are not bound by "a rigid mathematical formula that uses the percentage of a departure as the standard for determining the strength of the justifications required for a specific sentence." *Gall*, 552 U.S. at 47, 128 S. Ct. at 595.  Instead, the proper inquiry is whether there existed a "sufficiently compelling" justification for the district court's departure from the Guidelines range.  *Kapordelis*, 569 F.3d at 1317 (internal quotation marks omitted).  As discussed above, Tennison's lengthy criminal history and his manipulation of his co-defendants were considered by the district court in accordance with § 3553(a).  Moreover, the fact that Tennison's 48-month sentence is far below the 15-year minimum is a strong indication of substantive reasonability.  *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (holding that a sentence was substantively reasonable, in part because it was "well below the maximum ten-year sentence").  Giving the district court the deference which it is due, we find no abuse of discretion, and affirm the decision to impose a sentence of 48 months imprisonment.

AFFIRMED.