# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3640

_____

United States of America

*Plaintiff - Appellee*

v.

Miklos Dates

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: May 8, 2017
Filed: August 17, 2017
[Unpublished]

_____

Before SMITH, Chief Judge, COLLOTON and KELLY, Circuit Judges.

_____

PER CURIAM.

Miklos Dates pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court[1]

_____

[1]The Honorable Susan Richard Nelson, United States District Judge for the District of Minnesota.

imposed an above-Guidelines sentence of 48 months and Dates appeals, arguing the district court imposed a substantively unreasonable sentence.

In September 2014, just as Dates pulled into a parking lot, a law enforcement officer approached and ordered him out of the car. The officer conducted an inventory search of the car, and found a .45 caliber semi-automatic handgun in the glove box. The gun had a loaded magazine and a round in the chamber, and had been reported stolen about three weeks earlier. Approximately four months later, in January 2015, Dates was pulled over in a traffic stop and arrested on outstanding warrants. The arresting officer saw a revolver on the passenger floor of the car. Dates admitted he knew the gun was there and said he had it for protection. Dates was charged with unlawfully possessing both firearms, but pleaded guilty to only one count: the incident in January 2015.

The district court calculated an advisory Sentencing Guidelines range of 30–37 months. Dates requested a below-Guidelines sentence of 24 months, and the government sought an above-Guidelines sentence of 60 months. The court imposed a 48-month sentence. On appeal, Dates argues the sentence was substantively unreasonable because it was greater than necessary to meet the statutory goals of sentencing. "We review the substantive reasonableness of a defendant's sentence for abuse of discretion." United States v. Timberlake, 679 F.3d 1008, 1012 (8th Cir. 2012) (quotation omitted). "A sentencing court abuses its discretion if it fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." Id. (quotation omitted).

Dates asserts the district court gave too much attention to the aggravating factors and failed to give sufficient weight to factors that would mitigate against a sentence above the advisory Guidelines range. The court expressed concern that

Dates possessed two firearms on two separate occasions, that he "continued to possess firearms after being arrested," and that one of the firearms in his possession had been stolen. The court also noted that prior terms of incarceration had not deterred Dates from engaging in additional criminal conduct and that he had committed the offense of conviction while he was on probation.

The district court also considered Dates' age, his troubled and violent childhood, and the support he enjoys from his "very strong and loving family." The district court recognized that Dates had "seen way more than [his] share of tragedy than [he] should have at [his] young age," and that his direct exposure to gun violence likely had a significant impact on his life choices. A review of the record shows the district court thoughtfully considered all of these factors, both aggravating and mitigating, and carefully weighed them before imposing the sentence. A sentencing court has broad discretion in this regard, see United States v. David, 682 F.3d 1074, 1077 (8th Cir. 2012) (review of district court's weighing of sentencing factors when imposing upward variance is for abuse of discretion); United States v. Farmer, 647 F.3d 1175, 1180 (8th Cir. 2011) ("A district court's choice to assign relatively greater weight to the nature and circumstances of the offense than to the mitigating personal characteristics of the defendant is well within its wide latitude in weighing relevant factors."), and the district court did not abuse its discretion here.

The judgment of the district court is affirmed.

_____