# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2445

_____

United States of America

*Plaintiff - Appellee*

v.

Wesley Schmelzer

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: May 18, 2018
Filed: August 27, 2018
[Unpublished]

_____

Before WOLLMAN, BENTON, and STRAS, Circuit Judges.

_____

PER CURIAM.

Wesley Schmelzer pleaded guilty to possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). After determining that Schmelzer was a career offender under United States Sentencing Guidelines (U.S.S.G. or Guidelines) § 4B1.1, based on what it found to be six

predicate offenses, the district court[1] sentenced him to 235 months' imprisonment, to be followed by a five-year term of supervised release. Schmelzer alleges procedural error in his sentence and challenges its substantive reasonableness. We affirm.

The probation office's presentence report (PSR) recommended that Schmelzer be categorized as a career offender based on his: (1) March 2002 conviction for delivery of a controlled substance, (2) April 2002 conviction for possession of cocaine with intent to deliver, (3) January 2010 conviction for possession of precursor products used to manufacture a controlled substance (possession of precursors), (4) March 2010 conviction for possession of precursors, (5) May 2010 conviction for possession of precursors, and (6) March 2013 conviction for domestic assault causing bodily injury (strangulation). Schmelzer did not object to his career offender status or to the characterization of the six offenses as predicate offenses. Accordingly, the PSR determined that Schmelzer had a total offense level of 31 and a criminal history category of IV, resulting in an advisory Guidelines range of 188 to 235 months' imprisonment.

Schmelzer filed a motion for downward variance, which the district court denied. In imposing sentence, the district court stated that Schmelzer had a "[s]ignificant and very serious criminal history" and is "in the truest sense a career criminal, a career offender." The district court also noted that Schmelzer had "multiple prior convictions for burglary, assaults, multiple domestic abuse assaults, theft, possession of controlled substance, felony delivery of controlled substances, felony possession of cocaine with intent to deliver, escape, . . . 3 felony possessions of precursors, [and] harassment." It stated that Schmelzer "was on state paper when he committed this offense" and that he had six predicate offenses in support of his career offender status, which did not take into account a "number of serious

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

convictions" from when he was younger, including third-degree burglary, theft, multiple assaults, multiple interferences with official acts, multiple instances of operating a motor vehicle without a license, and public intoxication. The district court further added that it had "carefully considered each and every factor under 18 United States Code Section 3553(a)" and that even if Schmelzer were not found to be a career offender, it "would depart or vary upward to . . . 235 months, the top of the advisory guidelines, based on [Schmelzer's] entire record;" the seriousness of his criminal history; his recidivism; his lack of respect for the law and others; the need to provide just punishment, to afford adequate protection, and to protect the public from further crimes.

"In reviewing a challenge to a sentence, we must first ensure that the district court committed no significant procedural error." United States v. Timberlake, 679 F.3d 1008, 1011 (8th Cir. 2012) (internal quotation omitted). "If we discover no procedural error, we then consider the substantive reasonableness of the sentence imposed under a deferential abuse-of-discretion standard." Id.

Under Guidelines § 4B1.1(a), a defendant may be sentenced as a career offender if (1) he "was at least eighteen years old at the time [he] committed the instant offense of conviction; (2) the instant offense of conviction is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." As relevant here, the term "controlled substance offense" is defined as any state or federal offense that is punishable by more than one year imprisonment and "prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b). Schmelzer concedes that the district court correctly sentenced him as a career offender based on his 2002 delivery of a controlled substance conviction, his 2002 possession of cocaine with intent to

deliver conviction, and his 2013 domestic abuse involving strangulation conviction.

Schmelzer instead argues the district court committed procedural error in considering his three convictions for possession of precursors as predicate offenses under Guidelines §§ 4B1.1 and 4B1.2. He contends that the statute under which he was convicted, Iowa Code § 124.401(4), criminalizes conduct that is outside the Guidelines definition of a "controlled substance offense." We need not decide this issue, however, because even if Schmelzer's possession of precursor offenses were disregarded, he nonetheless would qualify as a career offender based on his two uncontested controlled substance offenses and his one uncontested crime of violence offense. Accordingly, any error in the district court's determination that he had six predicate offenses—instead of three—was harmless.

Schmelzer also contends that the district court imposed a substantively unreasonable sentence by failing to appropriately weigh the sentencing factors set forth in 18 U.S.C. § 3553(a). He argues that the district court placed too much weight on his criminal history and excluded from its consideration other relevant § 3553(a) factors. We disagree. In addition to expressly stating that it had considered each of the § 3553(a) factors, the district court considered Schmelzer's age, family, education, and employment. It acknowledged his father-figure role for his fiancée's child and his assertion that he has mental health issues. Against those factors, however, and as noted above, the district court weighed Schmelzer's lengthy criminal history, his recidivism, the need to provide just punishment, and the need to protect the public from Schmelzer's further crimes. The district court also noted that Schmelzer lacked a period of sobriety sufficient to enable mental health professionals to accurately diagnose the extent of any serious mental illness. The district court's thorough consideration of the § 3553(a) factors satisfies us that it did not abuse its discretion in sentencing Schmelzer as it did. See United States v. Gasaway, 684 F.3d 804, 808 (8th Cir. 2012) (holding that the district court may balance the § 3553(a) factors as it deems appropriate).

-4-

The sentence is affirmed. We grant counsel's motion for leave to withdraw. We deny Schmelzer's motions to strike the brief prepared by counsel and for leave to file a supplemental brief.

_____