# United States Court of Appeals

## For the Eighth Circuit

_____

No. 18-1165

_____

United States of America

*Plaintiff - Appellee*

v.

Terry L. Hager

*Defendant - Appellant*

_____

No. 18-1166

_____

United States of America

*Plaintiff - Appellee*

v.

Terry L. Hager

*Defendant - Appellant*

_____

Appeals from United States District Court
for the Western District of Missouri - St. Joseph

_____

Submitted: December 10, 2018
Filed: April 9, 2019
[Unpublished]
_____

Before SMITH, Chief Judge, WOLLMAN and GRASZ, Circuit Judges.
_____

PER CURIAM.

Terry Hager, while on supervised release from incarceration for a 1991 federal bank robbery conviction, committed a second robbery. Hager's crime violated 18 U.S.C. § 2113(a) and the conditions of his supervised release. The district court[1] sentenced Hager to a prison term of 100 months for the offenses, an upward variance from the recommended Guidelines range of 57 to 71 months. On appeal, he challenges the sentence as substantively unreasonable. We affirm.

## I. *Background*

On March 5, 2016, Terry Hager robbed two tellers at United Missouri Bank in St. Joseph, Missouri. Hager entered the bank wearing a baseball cap, sunglasses, and a bandanna covering his face. He ordered the tellers to empty their cash drawers and place the money into a bag he carried. Hager fled with nearly $14,000 after ordering everyone in the bank to lie on the ground.

Using descriptions supplied by witnesses, a detective located Hager's truck. The detective attempted to stop the vehicle with his lights and sirens activated. Hager did not stop but fled at a high rate of speed through residential neighborhoods.

_____

[1]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

Concerned for public safety, the detective discontinued pursuit. Police arrested Hager the following day.

Hager eventually confessed and pleaded guilty to one count of bank robbery, in violation of 18 U.S.C. § 2113(a). Hager committed this offense while on supervised release from a 1991 armed bank robbery conviction. He served over 20 years in federal prison for that offense. The United States Probation Office filed a presentence investigation report (PSR) with the court, recommending a Guidelines imprisonment range of 92 to 115 months, based on a total offense level of 26 and a criminal history category of IV.

Prior to sentencing, Hager objected to the PSR's Guidelines range and filed a sentencing memorandum requesting a below-Guidelines prison sentence of 60 months. Hager argued that 60 months would meet the goals of federal sentencing because it would reflect the seriousness of the offense, provide a just punishment, and promote respect for the law. He cited several mitigating circumstances in support of his request, including his difficult upbringing; his physical and mental health issues; and his eventual confession, which helped recover much of the stolen cash.

In response, the government filed its own sentencing memorandum asking the court to vary upward from the Guidelines range to 180 months' imprisonment, followed by three years of supervised release. In support, the government discussed the 18 U.S.C. § 3553(a) sentencing factors as applied to Hager's case. It emphasized that Hager was on supervised release for his first federal bank robbery when he committed another one; that he had previously committed domestic assault, a violent Missouri state felony; and that he had an extensive criminal history with multiple prior state and municipal convictions. Not surprisingly, the government argued that the upward variance would reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.

The government also argued that an upward variance would better address the obvious need for deterrence of this defendant, given Hager's prior conviction for the same crime—despite now having a job, a place to live, and a probation officer, along with family and community support. Finally, the government argued that the upward variance would help protect the public from Hager's potential recidivism and effectively provide Hager with an opportunity to rehabilitate.

At the sentencing hearing, the court ruled on Hager's objections to the PSR, then recalculated the Guidelines sentencing range, setting it at 57 to 71 months' imprisonment. The parties reiterated their positions from their filed sentencing memoranda. The court stated on the record that it had read the parties' filings and the PSR. The court acknowledged that Hager experienced a challenging upbringing but nonetheless found that Hager was a "danger to [him]self and to society" and that "the government ha[d] made persuasive arguments . . . with regard to 3553 factors." Sentencing Tr. at 43, *United States v. Hager*, No. 4:91-CR-00084-FJG-1 (W.D. Mo. Feb. 2, 2018), ECF No. 87. These arguments convinced the court that an upward variance was appropriate. The court varied upward and sentenced Hager to 100 months' imprisonment, followed by three years of supervised release.

II. *Discussion*

On appeal, Hager challenges his sentence as substantively unreasonable. He argues the district court (1) failed to give any weight to Hager's mitigating circumstances; and (2) based the variance solely on his risk of recidivism, which was already accounted for by the advisory Guidelines range.

"When we review the imposition of sentences, whether inside or outside the Guidelines range, we apply 'a deferential abuse-of-discretion standard.'" *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (quoting *United States v. Hayes*, 518 F.3d 989, 995 (8th Cir. 2008)). "A district court abuses its discretion when it (1) 'fails to consider a relevant factor that should have received

-4-

significant weight'; (2) 'gives significant weight to an improper or irrelevant factor'; or (3) 'considers only the appropriate factors but in weighing those factors commits a clear error of judgment.'" *Id.* (quoting *United States v. Kane*, 552 F.3d 748, 752 (8th Cir. 2009)).

When a sentence falls outside the advisory Guidelines range, we "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* at 461–62 (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). Our review is "narrow and deferential" in sentencing cases, and "it will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *Id.* at 464 (quoting *United States v. Gardellini*, 545 F.3d 1089, 1090 (D.C. Cir. 2008)).

Hager argues that the district court failed to give any weight to his traumatic childhood and mental health problems in fashioning his sentence. Because these mitigating factors were presented both in his sentencing memorandum and in his arguments at the sentencing hearing, we may presume that the court considered them and found them unpersuasive. *See United States v. Timberlake*, 679 F.3d 1008, 1012 (8th Cir. 2012). Here, we need not presume, because the court explicitly acknowledged that Hager had faced "challenges in [his] upbringing." Sentencing Tr. at 43. But the court also acknowledged the government's persuasive arguments to vary upward. Specifically, the court took into account the serious nature of the offense, Hager's extensive criminal history, and the inadequacy of deterrence achieved by his prior lengthy sentence. "The court's emphasis on the defendant's criminal history and the nature of the offense falls within a sentencing court's 'substantial latitude to determine how much weight to give the various factors under § 3553(a).'" *Timberlake*, 679 F.3d at 1012 (quoting *United States v. Ruelas-Mendez*, 556 F.3d 655, 657 (8th Cir. 2009)). We discern no clear error of judgment in the court's weighing of the relevant factors.

Hager also argues that the court erred by imposing the upward variance based exclusively on the danger he posed to himself and to society, because his risk of recidivism was already accounted for by the advisory Guidelines range. We disagree. The court did not rely exclusively on Hager's recidivism. As noted above, the district court considered other sentencing factors as well to justify the variance. Regardless, this court has "stated repeatedly that 'factors that have already been taken into account in calculating the advisory Guidelines range can nevertheless form the basis of a variance.'" *United States v. Thorne*, 896 F.3d 861, 865 (8th Cir. 2018) (per curiam) (quoting *United States v. David*, 682 F.3d 1074, 1077 (8th Cir. 2012)). Accordingly, we conclude that the district court did not abuse its discretion in imposing the upward variance.

III. *Conclusion*

We affirm the sentence imposed by the district court.

_____