# United States Court of Appeals
### For the Eighth Circuit

_____

No. 21-2947
_____

United States of America

*Plaintiff - Appellee*

v.

Daniel De La Cruz-Avalos

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: March 14, 2022
Filed: May 2, 2022
[Unpublished]
_____

Before GRUENDER, BENTON, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

Daniel De La Cruz-Avalos pled guilty to illegally reentering the United States after a felony conviction, in violation of 8 U.S.C. § 1326(a) and (b)(1). The district

court[1] sentenced him above the guidelines to 36 months in prison. He appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Cruz-Avalos contends the above-guidelines sentence (guidelines range was 8-14 months) is substantively unreasonable. He believes the sentence was "unsupported by a significant justification in the record." *See United States v. Perez-Rodriguez*, 960 F.3d 748 (6th Cir. 2020). This court reviews for abuse of discretion. *United States v. Feemster*, 572 F.3d 455, 462 (8th Cir. 2009) (en banc). It "will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *Id.* at 464.

The district court considered the § 3553(a) factors, specifically Cruz-Avalos's criminal history, the need for deterrence, and the need to protect the public. Unlike *Perez-Rodriguez*, which he cites but is not controlling, Cruz-Avalos exhibited an "extensive 'pattern' of deportation and reentry." *Perez-Rodriguez*, 960 F.3d at 756. He previously was convicted of illegal reentry after removal in 2010, 2011, and 2013, receiving sentences of 30 days, two months, and 12 months and one day respectively. Since 2009, he had been deported six times. The court said:

> Mr. De La Cruz-Avolos, I have looked at all the factors under 18 U.S.C. 3553(a), and of concern to the Court is the number of times that you've been removed from this country, and it looks like you've been treated very leniently. The first charge you received is paragraph 22 where you were removed in 2010 and received a misdemeanor from the United States District Court in Del Rio, Texas. Then you were removed and charged with a felony in 2011, paragraph 23, from the United States District Court of New Mexico in Las Cruces, New Mexico. Then you came back and were convicted of another felony on August 4th, 2012. You received 12 months and a day incarceration in the United States District Court for the Northern District of Illinois in Chicago, Illinois.

---

[1]The Honorable Greg Kays, United States District Judge for the Western District of Missouri.

Then we have all these pending charges that many of them you wonder—or I wonder whether or not they're pending because you kept getting removed from this country, and those include things like giving a false name to a police officer, battery, reckless conduct, possession of marijuana, then the assault that's pending related to your conduct that led to this particular case. It's a charge of assault. It's not a conviction.

The Court is concerned about your criminal behavior when you do come to this country and you keep coming back to this country and the need for deterrence in this case. You keep getting these very arguably lenient sentences, and they don't deter you. They haven't had the effect that we would want them to have on you.

So I do intend to sentence you above the guidelines in this case and a variance in keeping with this goal of deterrence and the need to protect the public. You must stop coming back to this country illegally. I understand there are hardships related to your situation, but you need to go somewhere else other than the United States.

The district court did not abuse its discretion. *See United States v. Hernandez-Pineda*, 849 F.3d 769, 771-73 (8th Cir. 2017) (affirming 120-month sentence for illegal reentry after an aggravated felony where the Guidelines range was 33 to 41 months); *United States v. Timberlake*, 679 F.3d 1008, 1012 (8th Cir. 2012) ("The court's emphasis on the defendant's criminal history and the nature of the offense falls within a sentencing court's substantial latitude to determine how much weight to give the various factors under § 3553(a)." (internal quotation marks omitted)).

* * * * * * * *

The judgment is affirmed.

_____

-3-