# United States Court of Appeals
## For the Eighth Circuit

———————————————————

No. 25-2040

———————————————————

United States of America

*Plaintiff - Appellee*

v.

Benjamin Riley Blankenship

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Southern District of Iowa - Eastern

——————————

Submitted: May 15, 2026
Filed: June 3, 2026
[Unpublished]

——————————

Before LOKEN, SMITH, and SHEPHERD, Circuit Judges.

——————————

PER CURIAM.

Benjamin Riley Blankenship appeals after he pleaded guilty to receiving and distributing child pornography and was sentenced to 180 months in prison with 8 years of supervised release. His counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the application of a sentencing enhancement and the substantive reasonableness of the sentence.

We conclude the district court[1] did not clearly err by finding that Blankenship attempted to produce child pornography, and therefore did not err by applying an enhancement for engaging in a pattern of activity involving the sexual abuse or exploitation of a minor.  See United States v. Sanders, 157 F.4th 933, 935 (8th Cir. 2025) (standard of review); United States v. Pierson, 544 F.3d 933, 938 (8th Cir. 2008) (explaining the elements of attempted production of child pornography under 18 U.S.C. § 2251(a)); U.S.S.G. § 2G2.2(b)(5) & comment. (n.1).  The context of his undisputed communications with minors on Snapchat was sufficient to demonstrate that he knowingly attempted to persuade, induce, entice, or coerce them, in at least two separate instances, to engage in sexually explicit conduct.  See, e.g., United States v. Johnson, 639 F.3d 433, 439-41 (8th Cir. 2011); United States v. Stewart, 462 F.3d 960, 964 (8th Cir. 2006).

We further conclude that the sentence is not substantively unreasonable, as the record shows that the district court considered the statutory sentencing factors and did not overlook a relevant factor, give significant weight to an improper or irrelevant factor, or commit a clear error of judgment in weighing relevant factors. Blankenship's mere disagreement with the weight the court gave to mitigating factors does not warrant reversal.  See 18 U.S.C. § 3553(a); United States v. Palkowitsch, 36 F.4th 796, 802-03 (8th Cir. 2022) (explaining the deferential abuse-of-discretion standard); see also United States v. Timberlake, 679 F.3d 1008, 1012 (8th Cir. 2012).

Finally, we have independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal.  Accordingly, we affirm the judgment of the district court and grant counsel's motion to withdraw.

_____

---

[1]The Honorable Stephen H. Locher, United States District Judge for the Southern District of Iowa.